## THEO. KELLER v. R. FAICKNEY ET AL.

### Decided April 3, 1906.

**1.—Bankruptcy—Assignment of Claim—Evidence.**

For the purpose of showing title to an account against a bankrupt, the defendant introduced in evidence a letter from C., signed as trustee in bankruptcy of the estate of the bankrupt, reciting the sale of the account to defendant and authorizing the payment of the same to him. This letter was objected to by the plaintiff, first, because it was not the best evidence of the sale, and, secondly, because it was not shown by any evidence that C. had ever been appointed trustee. Held, the letter should have been excluded on both grounds.

**2.—Same—Preference.**

A transfer by a debtor to one of his creditors within four months of bankruptcy of an account in part payment of the debt due said creditor, is such a preference as is forbidden by the bankrupt act.

**3.—Same—Chose in Action—Sale by Trustee—Rights of Purchaser.**

A trustee in bankruptcy may sell the choses in action belonging to a bankrupt's estate, though the title to same be in dispute, and the purchaser would have the right to contest with the claimant the right to the same.

**4.—Same—Collateral Attack.**

The regularity of a sale by a trustee in bankruptcy can not be collaterally attacked, and any question concerning the same can be raised only in the court in which the proceedings are pending.

Appeal from the County Court of Brazoria County. Tried below before Hon. A. E. Masterson.

*Munson & Munson,* for appellant.—The court erred in admitting in evidence the letter from Chermack, trustee, to the county clerk of Brazoria County. Stanley v. Southerland, 54 Ind., 339; Halliday v. Lambright, 68 S. W. Rep., 712; Stevens v. Eq. Mfg. Co., 67 S. W. Rep., 1041; Pennybacker v. Hazlewood, 61 S. W. Rep., 153.

In a contest for title and possession of personal property, sold by the owner of same before the institution of bankruptcy proceedings by or against said owners, where such sale is made to a bona fide creditor of such owner, and such property is occupied by such creditor, he allowing the full value of such property as a credit in part payment of a just and subsisting liability in his favor against such owner, where such contest is between such purchasing creditor and one claiming to have subsequently purchased such property from a trustee in bankruptcy of the estate of such owner, it is immaterial that such purchasing creditor may have known of the insolvency of such owner and of his intention to go into bankruptcy, when such creditor or purchaser received such property and such knowledge will not affect or defeat such creditor who

purchases title to such property. Eason v. Garrison & Kelly, 82 S. W. Rep., 800; Hall v. Keating Implement & Machine Co., 77 S. W. Rep., 1054; White v. Million, 76 S. W. Rep., 733; McFarlan Carriage Co. v. Wells, 74 S. W. Rep., 878.

Where a creditor purchaser secures from his debtor a transfer of an account, belonging to said debtor, and applies said account in settlement of such indebtedness in favor of such creditor against said debtor, giving such debtor credit for the full value of said account in extinguishment of bona fide and subsisting indebtedness against said debtor, and such securement of such account is before the commencement of bankruptcy proceedings against or by said debtor, a trustee thereafter appointed of the bankrupt estate of said debtor, acquires no right or authority to avoid or set aside such prior transfer of such account to such creditor. Hall v. Keating I. & M. Co., 77 S. W. Rep., 1054; Eason v. Garrison & Kelly, 82 S. W. Rep., 800; McFarlan Carriage Co. v. Wells, 74 S. W. Rep., 878.

*Marsene Johnson* and *Aubrey Fuller,* for appellee Carleton.—The letter from the trustee in bankruptcy to the county clerk of Brazoria County was admissible in evidence. Chism v. Citizens' Bank, 77 Miss., 599; Chism v. Friar's Point Bank, 27 So. Rep., 610; Landis v. McDonald, 88 Mo. App., 335; Norcross v. Nathan, 99 Fed. Rep., 414.

GILL, CHIEF JUSTICE.—J. E. Branch, who had an account against the county of Brazoria for $128.18, assigned same to Theo. Keller as a credit on a claim which Keller held against Branch. Keller presented the claim to the county, it was duly allowed, and warrant was issued by the county clerk in payment of same payable on its face to J. E. Branch or bearer. Before its delivery to Keller, L. B. Carleton set up a claim to it, whereupon Faickney, who was the county clerk, refused to deliver it to either until its ownership had been adjudicated. Keller brought this suit to recover the warrant. Faickney answered setting up his willingness to deliver it to the true owner, but alleging that Carleton also claimed it, and prayed that Carleton be made a party and the ownership of the warrant be determined. This was done, and Carleton answered setting up ownership of the account upon which the warrant was based on the ground that Branch had been adjudged a bankrupt; that the account was one of the assets and that he had become its purchaser at a sale of the accounts by the trustee in bankruptcy and same was duly transferred to him by the trustee.

In the Justice Court a trial resulted in favor of Keller. On the appeal of Carleton the judgment of the County Court was in his favor, and Keller has appealed to this court.

The facts are as follows: Branch filed his voluntary petition in bankruptcy on October 19, 1903, and listed as a part of his assets "open accounts valued at $500." Thereafter Carleton claims to have bought from one J. S. Chermack as trustee all the open accounts of the bankrupt, and the book by which they were evidenced was delivered to him.

Keller showed the transfer of the account to him on October 19, 1903, and in the absence of evidence establishing Carleton's claim was entitled to the warrant.

Carleton offered in evidence a letter from Chermack signed as trustee in bankruptcy of the estate of J. E. Branch reciting the sale of the account to Carleton and authorizing the county clerk to deliver the warrant to Carleton. To this Keller objected on the grounds that it was not the best evidence of the sale, and further, because it was not shown by any evidence that Chermack had ever been appointed trustee. We think both the objections are good. The letter to the clerk was not the best evidence of the sale for reasons which are obvious. It was not given at the date of the sale but was a subsequent direction from Chermack to the county clerk. This, however, would be immaterial as the actual fact of the sale appeared otherwise. The fatal objection is that it nowhere appears in the record that Branch was ever adjudged a bankrupt, or that Chermack was ever appointed trustee. These things it devolved upon Carleton to show, for through the alleged trustee he deraigned his right to the account. For the error indicated the judgment must be reversed and the cause remanded.

In view of another trial it is proper to pass on other assignments. The point is made by appellant that conceding the pendency of the bankruptcy proceedings and that the account was transferred to Keller as a credit on a pre-existing debt, it is nevertheless a lawful transaction and can not be undone on the ground that it constituted a preference in favor of Keller. We think the undisputed facts show that it was such a preference as the law forbids, and that if Carleton is shown to have acquired the claim from the duly appointed trustee in bankruptcy he is entitled to the warrant.

In contending otherwise counsel for appellant has misapprehended the authorities upon which he relies. In Eason v. Kelly, 82 S. W. Rep., 800, it was held that a debtor might in good faith and for fair value turn over property in discharge of a lien theretofore fairly created, and that the transaction could not be undone in favor of general creditors merely on the ground that the lien was not recorded though the transfer was made within four months of the bankruptcy. In that case the lien though unrecorded would have been enforceable in the bankruptcy proceedings as against general creditors, hence the transaction by which it was discharged was in no sense a preference. It was not intimated in that opinion that a payment constituting a preference would be valid, if made within the prohibited time, however honest and innocent the parties to the transaction might be.

To the same effect is Hall v. Keating Implement Co., 77 S. W. Rep., 1054. The other cases cited do not bear upon the question. Counsel must remember that Keller was not a "purchaser for value," and that the inevitable effect of the transfer of the account was to prefer Keller to that extent, and enable him proportionately with the other creditors to share in the remainder of the bankrupt's effects as to the balance due on his claim.

The point is also made that the transfer to Keller was voidable at most, and that the trustee had therefore no right to sell it until he had first in a proper proceeding set aside the preferential assignment of the account and recovered possession. While it is doubtless true that such an assignment is voidable and not void, it is also true that no proceeding instituted by the trustee short of one for the collection of the

disputed account would be effective; from which it follows that the application of the rule invoked to choses in action of this nature would practically forbid the sale by the trustee of any account the title to which was in dispute, and this notwithstanding the account had passed to the trustee by the terms of the bankruptcy act, and that it might be necessary to sell the accounts of the bankrupt rather than undertake their collection. We think the trustee might properly sell such an account and that the right to contest for it with the previous assignee would pass to the purchaser at the trustee's sale.

The other point which we are called upon to notice may not arise upon another trial as the records of the bankruptcy proceedings may show a distinct order to sell. While the law seems to contemplate that the trustee should procure an order to sell the property of the bankrupt, and it is doubtless the universal practice to do so, we think the regularity of a trustee's sale can not be collaterally attacked and that such questions can be raised only in the court in which the proceedings are pending.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*