### THOMAS J. BEALL v. FANNIE E. CHATHAM.

#### No. 1666. Decided February 27, 1907.

**1.—Notice—Attorney—Proceedings in Bankruptcy.**

Attorneys of a bankrupt, to whom the assignee had conveyed property as purchasers at sale by such assignee, were not chargeable with notice of, nor was their title affected by a report subsequently filed by the assignee showing that the property was sold to another, to whom also he had made deed; the assignee having the right to sell without order of sale or confirmation, his report had no other effect than other oral declarations of a grantor in disparagement of the title, made after his conveyance. (Pp. 372–374.)

**2.—Attorney—Purchasing at Bankrupt Sale.**

The purchase of property from an assignee in bankruptcy by an attorney of the bankrupt is not a nullity, being voidable only, even where under process controlled by the attorney (Douglas v. Blount, 95 Texas, 369). Query, whether voidable where the process is not so controlled, as in this case. (Pp. 374, 375.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Anderson County.

Chatham sued Beall for recovery of land, and had judgment from which defendant appealed. On affirmance appellant obtained writ of error.

*Gooch & Springer,* for plaintiff in error.—Declarations of the vendor made after the sale, and without the presence or knowledge of the vendee, can not be introduced to defeat the vendee's title. Hinson v. Walker, 65 Texas, 103; Smith v. James, 42 S. W. Rep., 793; Smith v. Dunman, 9 Texas Civ. App., 321; Hale v. Hollon, 14 Texas Civ. App., 102; Boltz v. Engelke, 63 S. W. Rep., 899.

The purchase of land by an attorney at a sale made by an assignee in bankruptcy, where the client of such attorney is one of the bankrupts, is not a purchase of his client's property, and such attorney acquires a valid title by such purchase. Curdy v. Stafford, 88 Texas, 125.

*T. B. Greenwood, W. C. Campbell* and *R. C. Sewell,* for defendant in error.—The report of sale objected to is part of the judicial proceedings in rem, under which both appellant and appellee deraign title, and properly provable by duly certified copies. These copies conclusively show that if deeds were contemporaneously delivered to Iglehart and to his attorneys to the same land, yet that Iglehart paid the purchase price, and it is certainly the established law in Texas that, under these facts, the title of the client would be superior to that of his attorneys, at least, in the absence of a plea of limitations as is the case here. No question as to the declarations by a vendor after he has parted with his title, arises on the appeal. Because the earliest moment at which the assignee could have been even presumed to have parted with his title would have been when the deeds were acknowledged, and the record is silent as to the date of the acknowledgments. Atwell v. Watkins, 36 S. W. Rep., 103; Wade v. Boyd, 60 S. W. Rep., 362; Collier on Bankruptcy, p. 869; Kent v. Cecil, 25 S. W. Rep., 715; International & G. N. Ry. Co. v. Newburn, 94 Texas, 312.

BROWN, Associate Justice.—The defendant in error instituted this suit in the District Court of Anderson County against Thos. J. Beall and a number of other parties whom it is not necessary for us to notice further, as the controversy here is strictly between Mrs. Chatham and Beall. The trial was had before the judge, who filed elaborate conclusions of fact and law and entered judgment against Beall and some of the others, but Beall alone appealed from that judgment and is the only plaintiff in error before this court. We make the following condensed statement of the relevant facts found by the judge:

Champ E. Carter, Jr., was regularly appointed by the Federal Court at Austin assignee of the estate of E. J. and J. H. Iglehart, who were declared bankrupt by that court. B. H. Davis and Thos. J. Beall were lawyers at Bryan and partners under the firm name of Davis & Beall. They were the attorneys of the bankrupts, E. J. and J. H. Iglehart. Under a proper order the assignee made a sale of the property of the estate of the bankrupts at Bryan, Texas, on the 22d day of January, 1870, and on that date made a deed to J. H. Iglehart for the land in controversy, which deed was filed for record on the 24th day of June, 1870. On the 22d day of January, 1870, the assignee made a deed for the same land to Davis & Beall. The deed from Carter to Iglehart and the deed from Carter to Davis & Beall recited the same amount as the consideration paid for the land, and each deed was acknowledged on the same day before the same officer. On the 7th day of February, 1872, J. H. Iglehart made a power of attorney to D. T. Iglehart, authorizing him to sell the land in controversy, which he did and conveyed it to J. A. Blackerby, from whom the plaintiff, Mrs. Chatham, by regular title acquired all of the title J. H. Iglehart got under the deed to him by the assignee.

The deed from the assignee to Davis & Beall was filed for record on the 7th day of February, 1871, and in the year 1880, B. H. Davis conveyed his interest in the land to appellant, Thos. J. Beall, who has all of the title that was conveyed to the firm of Davis & Beall by the assignee, Carter. There was no evidence to show what consideration Davis & Beall paid, except the recital in the deed from Carter to them.

Upon the trial the plaintiff below, Mrs. Chatham, offered in evidence a certified copy of a report by Champ Carter, Jr., the assignee, to the Federal Court at Austin, dated on the 31st day of January, 1870, and filed at Austin March 30, 1870, to which Thos. J. Beall objected for the reason that the report was dated subsequent to the date of the deed made by Carter to Davis & Beall. The report showed that at the sale on the 22d day of January, 1870, the assignee sold the land in controversy to Virginia Iglehart for $19.04. It was shown that Virginia Iglehart was the wife of J. H. Iglehart at that time and so continued to the date of his death in 1904.

The honorable Court of Civil Appeals in its opinion in this case recognizes the rule of law that the declarations of the vendor made after the conveyance of land are not admissible to disparage the title he has conveyed to another, but undertakes to distinguish the statement made in the report of the assignee in this case from such declarations upon the ground that this was a statement in a report made by an officer of court, and that Davis & Beall, being attorneys of the bankrupts, were charged with notice of it and failed to take steps to set it aside. Davis & Beall are shown by the facts to have been the attorneys of the bankrupts, but do not appear to have been the attorneys for the assignee, nor is there any evidence showing that they had any connection with the report. The report was not necessary to the passing of the title, for the assignee at that time had the right to sell and convey the real and personal property of the bankrupts' estate at his discretion, without an order of sale or a confirmation. (Curdy v. Stafford, 88 Texas, 125.) The learned judge who wrote

the opinion of the Court of Civil Appeals cited no authority to support the proposition that an attorney in a proceeding like this is charged with notice of all the papers and reports which the assignee might file in the course of his administration of the bankrupts' estate, and we know of no authority which would support that position. We are of the opinion that on the facts found by the District Court, Davis & Beall were not charged with notice of the report of the assignee.

If we concede to the report that it would have the effect to pass title to Mrs. Iglehart, if it had not been previously conveyed, which, however, we do not assert, still, it could have no higher standing, or greater effect, than if the assignee had on the same day, that is, the 31st day of January, 1870, made a deed to Mrs. Iglehart for the land, and surely it would not be contended by anyone that the making of a deed by him at a subsequent date would have the effect to annul the former deed, although the first purchaser might have actual notice of the making of the second deed and should fail to bring any action to set it aside. The learned judge who wrote the opinion of the Court of Civil Appeals pressed beyond its proper limit the rule that a vendee, who hears his vendor disparage his title to the injury of one who has no notice of the truth, will be estopped to deny the truth of the statement. The facts do not place Davis & Beall in that attitude to the assignee's report. We conclude that the report had no greater dignity than if it had been a declaration made orally, or in a writing disconnected from the proceeding in court, and that the trial judge erred in admitting that report in evidence.

The judge of the District Court seems to have based his judgment against the plaintiff in error, Beall, upon the proposition that his purchase was void because he was an attorney of the bankrupts. In the third conclusion of law, filed by the trial judge, he says: "Beall has not shown title to the land, and if record does not appear in him no legal title passed to him from assignee, being at the time attorney for the bankrupts." This conclusion is somewhat obscure, which is perhaps the result of a typographical error in copying it into the transcript, but we conclude that the judge held that, as a matter of law, because Davis & Beall were attorneys of the bankrupts, they could not acquire title to this land by purchase from the assignee. We had occasion to examine that question and reviewed the authorities upon the subject at length in the case of Douglas v. Blount (95 Texas, 369), and we there reached the conclusion that a purchase by an attorney at a sale under process controlled by him was not necessarily void, but that it might be set aside and would be subjected to critical examination by the courts. But in this case Davis & Beall did not control the process under which the sale was made and did not represent any party who was at the time interested in the land or proceeds of the sale, for the title passed from their clients, the bankrupts, to the assignee, and the proceeds of the sale belonged to the creditors of the bankrupts' estate. We do not undertake to say that a purchase under such circumstances might not be held to be voidable, but we are of opinion, and so hold, that the sale was not a nullity, and that the deed of the assignee conveyed the title to Davis & Beall, provided it was not made subsequent to the deed to Iglehart, or under such cir-

cumstances as would make them hold for Iglehart's benefit. These are questions of fact that we are not called upon, and have no authority to decide.

The judgments of the District Court and that of the Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and remanded.*