## In re KLIGERMAN.

(District Court, E. D. Pennsylvania. January 25, 1915.)

### No. 4830.

1. BANKRUPTCY ⬳327—CLAIMS—PRESENTATION.

In general, a creditor is not compelled to present his claim against the bankrupt in bankruptcy court, and the only effect of his failure to do so is that the court will distribute the bankrupt's estate without regard to the nonappearing creditor, and the bankrupt's discharge may bar any further claim against him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 501, 502, 507, 515; Dec. Dig. ⬳327.]

2. BANKRUPTCY ⬳210—COURTS—JURISDICTION—LIEN CLAIMS.

Where a bankruptcy court has in its custody the entire assets of the bankrupt for distribution, including property claimed by creditor to be subject to a mechanic's lien, such court has jurisdiction to determine the validity of such lien in order to determine whether the claimant is entitled to a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321–323; Dec. Dig. ⬳210.]

3. BANKRUPTCY ⬳228—FINDINGS BY REFEREE—REVIEW.

A finding by a referee in bankruptcy that certain work on a building belonging to the bankrupt for which a mechanic's lien was claimed did not constitute "construction" within the state lien law, and that the lien was therefore invalid because not filed in time, was a finding of an ultimate fact, depending on inferences drawn from minor facts which could only be found from all the evidence including the testimony of witnesses, and hence such finding supported by evidence would not be set aside on review.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. ⬳228.]

In Bankruptcy. In the matter of bankruptcy proceedings of Harry Kligerman. On petition to review a referee's findings and adjudication against the validity of alleged mechanic's lien. Affirmed.

W. E. Bushong and John Haviland, Jr., both of Phœnixville, Pa., for claimants.

George B. Johnson, of West Chester, Pa., for bankrupt.

Walter S. Talbot, of West Chester, Pa., for trustee.

DICKINSON, District Judge. The scope of the discussion of the questions involved in this case is necessarily limited to the findings of the referee which the court is asked to review. Beyond this we cannot go, for the very practical reason that we have nothing else before us,

and therefore cannot know what, if any, other matters are pending before the referee. What these questions are, and how they arise, is disclosed by an outline statement of a few facts.

Shortly before the proceedings in bankruptcy began, each of the present petitioners supplied material to the bankrupt for work to be done, and which subsequently was done in and about a building, which afterwards became part of the bankrupt estate. Each of them filed liens under the provisions of the act of assembly of the commonwealth of Pennsylvania, approved June 4, 1901, known as the Mechanic's Lien Law (Act June 4, 1901 [P. L. 431]). The liens were filed within six months and after three months from the time the work was done. All other dates are rejected in this statement because no point is made of them. Without attempting an absolutely accurate statement or summary of the provisions of the Pennsylvania Mechanic's Lien Law, it is sufficient to further premise in a general way that under that law a claim for what may be characterized as ordinary alterations and repairs to an existing building must be filed within three months to acquire a valid lien, but a claim for the erection and construction of a new building may be filed within six months. It is furthermore provided by the third section of the act that changes of a certain character made to an existing building to adapt it to a new and distinct use make of the work a new construction within the meaning of the law. As the building with which we are concerned was an existing building, it is clear that the rights of the claimants under the laws of Pennsylvania turn solely upon the question of the fact of whether the work done was "erection and construction" within the meaning of the third section of the act of June 4, 1901. The statement of one other broad fact will unfold to view the whole situation of the parties to this controversy and disclose the exact position of the petitioners.

The property against which these claims were filed passed, along with the other property and affairs of the bankrupt, into the keeping of the court in bankruptcy for the purposes of its administration and determination of all questions of distribution and the discharge of the bankrupt. We are concerned now with a question of distribution. If these mechanic's lien creditors held valid liens against the property, they are preferential claimants upon the fund for distribution. If the liens are not valid, they share pro rata with the general creditors. The referee held the liens to be invalid.

The positions of the petitioners before the referee and reasserted here are these:

(1) The court is without power, authority, or jurisdiction, nor is it its province, to pass upon the validity of the mechanics' liens.

(2) Secondarily, and subject to the first position, petitioners assert the validity of the liens.

[1] To the list of cases, including Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, cited in support of the first proposition, many more might be added. It is clear, however, that petitioners have misunderstood the principle they invoke or have misapplied it. Whenever the property of an alleged bankrupt passes into the keeping of a court in bankruptcy, it passes for the purposes above indicated. Only such property, however, or such title to property as the bankrupt had,

so passes, and it passes subject to all claims and liens which any one has the right to assert against it. · All rights of the bankrupt and others remain unaffected otherwise than as involved in the carrying out of the bankrupt law. If a claim of the bankrupt is to be asserted against a third party, the proceedings must be in that court which has jurisdiction of the case and the parties to it. Generally speaking, no creditor is compelled to present his claim against the bankrupt in the bankruptcy court. Again generally speaking, the only effect of his not so presenting it is that the court will proceed to distribute whatever estate of the bankrupt is in its hands without regard to the nonappearing creditor, and the discharge of the bankrupt may bar any further claim against him.

[2] When, however, the court has in its hands a fund for distribution, it is necessary for the court to determine among whom it shall be distributed. This in turn necessitates the adjudication of the rights of all claimants upon the fund. Therefore, whenever, as here, the claim upon the fund depends upon the validity of a lien which the claimant has or has had against a property, the validity of the lien must be determined. This is so clear as to forbid further discussion. The question comes to us as a simple question of distribution, and we have so determined it. The fact suggested that it arises. collaterally out of and ancillary to a composition is not before us, and upon whether this would affect the question we express no opinion.

The findings of the referee upon the question discussed are affirmed.

[3] The second question, it will be observed, has been razeed to one of fact and to a single fact. Were the changes to this building such as to be a "construction" within the meaning of this act of assembly? The fact has been found by the referee against the claimants. It is true that this, although a fact, has in its determination the elements of an inference and involves the construction of the act of assembly. In this sense it is the ultimate fact. The inference, however, is one to be drawn from certain minor facts. These minor facts could only be found from all the evidence including and largely the testimony of witnesses. This brings the finding within the well-established rule. We have carefully reviewed the testimony and considered all the evidence, and the most which could be said for the claimants is that, had the referee reached a different conclusion, it could be supported only by invoking the rule which is now invoked against them.

We are unable to find any substantial basis for exception 6 of Morris P. Penrose to the referee's finding. Whatever opportunity the petitioners may have had to present their views to the referee before the making of the order in this case, they have now been fully heard, and there is no complaint but that their version of the facts and their views of the legal results flowing from these facts were fully presented to the referee and considered and disposed of by him.

The findings of fact as returned by the referee, and the conclusions of law deduced therefrom, and his report thereon, are affirmed.