TRABUE et al. v. ASH et al. (No. 218.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 15, 1917. Rehearing Denied Jan. 30, 1918.)

1. COURTS ⟐65—SPECIAL TERMS OF COURT—DURATION—STATUTES.

Although the statute only authorized a regular term of court of a certain length in a certain county, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1720, relating to special terms of court, a district judge could convene a special term for any length of time in his discretion.

2. COURTS ⟐63—TIME FOR HOLDING COURT—JURISDICTION.

All proceedings of a district court, at a time when the holding of such court is unauthorized by law, are null and void.

3. EXCEPTIONS, BILL OF ⟐26—MATTERS REVIEWABLE—BILLS OF EXCEPTIONS.

A statement in a bill of exception that objection was made to evidence on certain grounds is not a statement approved by the trial court that those grounds, in fact, existed, and the court need not search the record to ascertain whether, in fact, the grounds of objection interposed find support in the facts.

4. BANKRUPTCY ⟐270—REGULATORY OF PROCEEDINGS—COLLATERAL ATTACK.

A sale of personal property by a trustee in bankruptcy cannot be collaterally attacked on the ground that it was made without order of court.

5. EVIDENCE ⟐397(6) — CONTEMPORANEOUS WRITINGS—PAROL EVIDENCE.

Where a deed of land recited that it was given in full settlement of a claim, parol evidence is competent to show that a bill of sale to the grantee executed on the same date was also intended as part consideration, and was part of the settlement.

6. BANKRUPTCY ⟐339—INTEREST OF BANKRUPT IN PROPERTY.

A bankrupt has no right of complaint as to how the trustee divides the property among the creditors.

7. ADVERSE POSSESSION ⟐112—SUFFICIENCY OF EVIDENCE.

Where title to property is claimed by virtue of any law of limitation, it is incumbent upon the claimant to show clearly that such property has been in his exclusive and adverse possession for the proper period.

8. SALES ⟐144—BILLS OF SALE—DESCRIPTION OF PROPERTY—SUFFICIENCY.

A bill of sale describing property "as described in deed from W. to T.," etc., sufficiently described the property.

Appeal from District Court, Panola County; John M. Tipps, Judge.

Suit by R. P. Ash and W. E. Biggs to recover personal property or its value from R. E. Trabue and R. C. Trabue. Judgment for plaintiffs, and defendants appeal. Affirmed.

H. N. Nelson, of Carthage, for appellants. W. G. Banks, of Carthage, for appellees.

HIGHTOWER, C. J. This was a suit by appellees, R. P. Ash and W. E. Biggs, as plaintiffs, against appellants, R. E. Trabue and R. C. Trabue, who were defendants, filed in the district court of Panola county, in which appellees sought to recover from appellants the following described personal property, or in the alternative its value:

| | |
|---|---|
| One Hall & Brown planing machine No. 1, with 8 Schimer heads attached to said planing machine, of the total value of | $400 00 |
| 1 planing mill edger, of the value of | 75 00 |
| 1 knife grader, of the value of | 35 00 |
| 1 fan and blow pipe connections, of the value of | 250 00 |
| 2 line shafts and 10 pulleys, of the value of | 75 00 |
| 10 dolley buggies of the value of | 40 00 |
| 1 trimmer, of the value of | 75 00 |

The aggregate value was alleged to be $950. It was alleged by appellees that they were the owners of such property, and that the same was unlawfully seized and taken possession of by appellants, and converted to their own use, and in addition to their prayer for recovery of such property, or in the alternative its value, appellees also prayed for damages in the sum of $50, because of the conversion of such property by appellants.

Appellants answered by general demurrer, general denial, and further specially denied that the machinery sought to be recovered by appellees belonged to plaintiffs, as alleged by them, at the time of this alleged seizure by appellants, or at any other time, but that the same belonged to the defendant R. C. Trabue; that at one time the same belonged to the defendant R. E. Trabue, but that the said R. E. Trabue had become a bankrupt, and said property was a part of the assets of his estate, and that the same was sold to defendant R. C. Trabue by the trustee in bankruptcy, and was paid for by him, and that said property never did belong to plaintiffs. Appellants further specially answered that they had had and held peaceable, adverse, and open possession of said property, claiming the same, using and controlling the same for more than two years before appellees filed this suit, and that, therefore, title to same was perfected in them by the statutes of limitation of two years.

The case was tried before the court with-

out a jury, and resulted in a judgment in favor of appellees against appellants for the recovery of the planing machine No. 1, with Schimer heads, as hereinbefore described, the value of which was found by the court to be $300, and for the possession of the planing machine edger hereinabove described, the value of which was found by the court to be $50, and also for the possession of the fan and blowpipe connections above described, the value of which was found by the court to be $50, making aggregate value of said items $400. The court further ordered and decreed that in the event the above-described property, the possession of which was decreed to appellees, could not be had and returned to appellees, that then the appellees recover from appellants the sum of $400, same being the assessed aggregate value of such property, and, further, that appellees have judgment for all costs, etc. To this judgment appellants duly excepted, and afterwards, in due time, filed their motion for new trial, which was by the court overruled, and the judgment has been brought here by appeal for review.

The first assignment of error is to the effect that the judgment in this case in favor of appellees in void, for the reason that the same was not rendered at a legal term of the district court of Panola county. This assignment and contention is based upon the following facts: The judgment in this case was rendered on the 4th day of November, 1916. Under the law, the regular September term of the district court of Panola county convened on the 18th day of September, 1916, but owing to the fact that Hon. W. C. Buford, who, up to the time of his death on the 17th day of September, 1916, was not present on the 18th day of September to open said court, the same was regularly opened by the sheriff of that county, in accordance with the statute, and was adjourned from day to day for three successive days, and on the fourth day the sheriff declared said September term of the court adjourned, in accordance with the statute, and therefore the regular September term, 1916, of the district court of that county was not held, but lapsed. No successor to Judge Buford was appointed by the Governor until the 23d day of September following, on which date the Governor appointed Hon. John M. Tipps, judge of the Fourth judicial district, which embraces Panola county. Judge Tipps promptly qualified as such judge, and thereupon ordered that a special term of the district court of Panola County should be begun and holden within and for said county on the 25th day of September, 1916, and which should remain in session and be adjourned on the 4th day of November, 1916.

Appellants raise no question as to the legality of the appointment of Judge Tipps, or as to his qualifications in any respect, but seem to contend that since, under the law, a regular term of the district court of Panola county could not continue longer than five weeks, Judge Tipps had no authority in law for calling a special session of his court in said county for a longer term than five weeks. Article 1720, Vernon's Sayles' Texas Civil Statutes, providing for special terms of district courts in this state, reads as follows:

"Whenever it may become advisable, in the opinion of a district judge, to hold a special term or terms of the district court in any county in his district, such special term or terms may be held; and such district judge may convene such special term at any time which may be fixed by him. Such district judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with the law. Such jurors may be summoned to appear before such district court at such time as may be designated by the judge thereof: Provided, that in the discretion of the district judge, a grand jury need not be drawn or impaneled."

[1] We see nothing in this statute which warrants the contention of appellants that Judge Tipps was not authorized to convene a special term of the district court of Panola county for a longer period than five weeks. While it is true, under the law, that a regular term of the district court of Panola county could not continue longer than five weeks, yet we are of opinion that the law having reference to regular terms of district courts in this state and fixing their duration has no application to special terms authorized to be convened under article 1720, Vernon's Sayles' Texas Civil Statutes, above quoted, and we think that the duration of a special term, such as was called by Judge Tipps, was a matter left to his judgment and sound discretion, and that he was authorized by the article of the statute above mentioned to convene the district court in said county for a longer period than five weeks, as he did, if in his judgment the condition of the docket in that county required or justified his action in doing so.

[2] The second proposition under this assignment is, in substance, that all proceedings of a district court, at a time when the holding of such court is unauthorized by law, are null and void. Of course, we agree that this is a correct proposition of law, but it has no application here. This assignment is overruled.

The second assignment of error complains of the action of the court in admitting in evidence, over the objection of appellants, a bill of sale executed by Thomas D. Bonner, in his official capacity as trustee in bankruptcy, which purports to convey to appellees, among other things, the items of machinery which were awarded to appellees by this judgment. The bill of sale, the introduction of which was objected to, reads as follows:

"In the District Court of the United States for the Eastern District of Texas, at Tyler.

"In the Matter of R. E. Trabue, Bankrupt. No. 1720. In Bankruptcy.

"Whereas, on the 30th day of December, 1913, the trustee in the above proceedings executed

to R. P. Ash and W. E. Biggs, of Panola county, Tex., a deed to a portion of lots 122 and 123 in Carthage, Tex., in consideration of the cancellation of a certain vendor's lien note against said property;

"And whereas, said vendor's lien note appears also to be a lien on certain personal property, as described in deed from Miss Kate Whitney to R. E. Trabue, wherein said vendor's lien was retained, the nature and extent of which and the title thereto is entirely unknown to this trustee, but which it was agreed that the said Ash and Biggs might have thereto such title as this trustee at this time might have, if any he has therein:

"Now, therefore, I, Thomas D. Bonner, trustee, in the aforesaid proceedings in consideration of said agreement, hereby release unto the said R. P. Ash and W. E. Biggs of Panola county, Tex., such title as this court and this trustee may have in and to said personal property. This 30th day of December, A. D. 1914.

"Thomas D. Bonner, Trustee.
"R. E. Trabue, Bankrupt."

The special objections interposed to the introduction of this bill of sale were: (1) Because the plaintiffs' pleadings show that they make the general allegation of ownership of the property sued for, and do not declare on said instrument as a basis of their cause of action, and said instrument had not been filed among the papers of this cause and notice of filing given to the defendants, as required by law. (2) Because said instrument is not acknowledged by the grantor therein, and the execution of said instrument was not proven, as required by law, before the same could be admitted in evidence. (3) Because there was no order of the bankrupt court authorizing the trustee to convey the property, and there was no order of the bankrupt court confirming said sale, said instrument showing that the same was made without consideration, and therefore less than 75 per cent. of the value of the property conveyed. (4) Because the date of said paper had been changed from January 30, 1915, to December 30, 1913, and there was no evidence introduced explaining the change made in said paper. (5) Because the plaintiffs had, on December 30, 1913, accepted a deed and conveyance by said trustee to two town lots in the town of Carthage in full payment and settlement of the claim they had against the estate of R. E. Trabue, and therefore said bill of sale was without consideration, and the trustee in bankruptcy had no authority to make it, and it passed no title to the plaintiffs.

All of these objections were by the court overruled, and the bill of sale from the trustee in bankruptcy admitted, and appellants duly excepted. In allowing the bill of exception, the court appends this explanation:

"This trial was begun on October 12, 1916, and the bill of sale was then introduced. Defendants asked for time to secure additional testimony, the request was granted, and trial was resumed on November 4, 1916, but defendants offered no further testimony to contradict or explain the bill of sale, nor any excuse why, and the testimony offered showed conclusive that the deed and bill of sale were contemporaneous and bore the same date, which was December 30, 1913, and not December 30, 1915."

200 S.W.—27

[3] In disposing of this assignment, it would be sufficient to say that neither the bill itself, as above mentioned, nor the explanation of the trial court in connection therewith, shows as a fact that any of the grounds of objection interposed by appellants to the introduction of the bill of sale existed or were true, in fact, with the single exception that the bill of sale was not formally acknowledged by the trustee in bankruptcy. The statement by appellants in the bill that they objected to the introduction of this evidence on certain grounds is not a statement approved by the trial court that those grounds, in fact, existed, and therefore this bill of exception does not point out any error, and this court would not be required to search the record in the case to ascertain whether, in fact, the grounds of objection interposed to the introduction of this evidence find support in the facts. We would say, however, that the record does affirmatively show that the trustee in bankruptcy did, in fact, execute this bill of sale to appellees. One of the propositions of appellants under this assignment is to the effect that a trustee in bankruptcy cannot make a valid sale of the bankrupt's property under the bankruptcy law without the order of the bankrupt court, and a confirmation of such sale by such court.

[4] If the bill of exception, in connection with this matter, could be held to show as a fact, and we think it does not, that no order of the bankrupt court authorizing this sale by the trustee was shown to have been made, still we doubt the correctness of appellants' contention that a sale by a trustee in bankruptcy of personal property belonging to the estate of the bankrupt, in the absence of an order of the bankruptcy court authorizing such sale, would be absolutely void, but we think, clearly, that such a sale of personal property, purporting to be made by a trustee in bankruptcy in his official capacity, cannot be held void in the sense that the same can be collaterally attacked, as was attempted by appellants in this cause. Such a sale, under the bankruptcy law of 1867 (Act Cong. March 2, 1867, c. 176, 14 Stat. 517), has been expressly held by our own Supreme Court not to have been void, in the sense that the same could be collaterally attacked, and we have found nothing in the present bankruptcy law that has led us to believe that such a sale would be void in the sense that it could be collaterally attacked. We have examined carefully the authorities cited by appellants in connection with this contention, and without discussing them, we have concluded that none of them can be considered authority for the contention here made by appellants. Keller v. Faickney, 42 Tex. Civ. App. 483, 94 S. W. 103; Beall v. Chatham, 100 Tex. 371, 99 S. W. 1116; Curdy v. Stafford, 88 Tex. 125, 30 S. W. 551; Mims v. Swartz, 37 Tex.

13. In Keller v. Faickney, supra, Chief Justice Gill, speaking for the Galveston Court of Civil Appeals, used this language:

"While the law seems to contemplate that the trustee should procure an order to sell the property of the bankrupt, and it is doubtless the universal practice to do so, we think the regularity of a trustee's sale cannot be collaterally attacked, and that such questions can be raised only in the court in which the proceedings are pending."

This decision, it will be seen, was rendered after the enactment of the present bankruptcy laws. It will be borne in mind, also, in this connection, that the action of the trustee in bankruptcy here in question had reference to personal property only, and in no manner involves a consideration of what might be required in the way of specific authority to him from the bankruptcy court, if title to real property, depending upon such a sale, were in question, though we do not mean to intimate that the rule would be different in such case. We are not called upon to pass on that question. We have concluded that appellants' bill of exceptions challenging the action of the court in admitting this bill of sale in evidence points out no reversible error, and this assignment is overruled.

The third assignment of error complains of the action of the trial court in admitting in evidence, over appellants' objection, certain testimony of appellee W. E. Biggs, the relevancy of which can only be shown by a brief statement at this point of some of the facts upon which appellees claim title to the property recovered by them herein is based.

Miss Kate L. Whitney, a resident of Mississippi, on December 14, 1911, by deed of that date conveyed to appellant R. E. Trabue the following described real property in the town of Carthage, Panola county, Tex.: The west one-half of lot 122, less a designated portion of the same, and the east one-half of lot 123, less a designated portion of same; and by this same deed, Miss Kate Whitney also conveyed to said R. E. Trabue certain sawmill machinery and equipment situated upon said property, including the items of machinery that were recovered by appellees in this suit. The total consideration for this deed to Trabue was $1,961.34, one-half of which was paid in cash at the time the deed was executed, and the balance, amounting to $980.67, was evidenced by the promissory note of R. E. Trabue in favor of Kate L. Whitney, and which was payable at the expiration of one year thereafter, which made the note payable December 14, 1912. This note bore interest at the rate of 10 per cent. per annum from its date, and provided for the usual attorney's fee of 10 per cent. This note was not paid by Trabue, and on March 19, 1913, Kate L. Whitney sold and transferred the note to the appellees, Ash and Biggs, who paid full face value therefor.

In the deed from Kate L. Whitney to R. E. Trabue, there was no express retention of a lien on any of the property conveyed thereby to secure the payment of the note executed by Trabue, but the note itself recited the retention of the vendor's lien as against the land conveyed by the deed to secure the payment of the note. At the time Kate L. Whitney sold and transferred said note to appellees, Ash and Biggs, she also by written transfer conveyed and passed to Ash and Biggs all right, title, and interest, liens, etc., which she had in or upon the land conveyed by her deed to Trabue, by reason of her being the vendor thereof. On March 20, 1913, appellant R. E. Trabue was duly adjudged a bankrupt by the United States District Court for the Eastern District of Texas at Tyler, and thereafter, in April, Thomas D. Bonner was duly elected and appointed trustee in bankruptcy in that proceeding.

The note held by appellees, Ash and Biggs, by transfer from Kate L. Whitney, constituted a claim against the estate of R. E. Trabue, bankrupt, and the same was asserted in the bankruptcy court by appellees as a claim against this estate in bankruptcy, and on the 30th day of December, 1913, the amount of this note, including principal, interest, and attorney's fees, was something in excess of $1,100.

The record before us shows that the trustee in bankruptcy fully recognized the validity of the claim of appellees, Ash and Biggs, against the estate of said bankrupt, R. E. Trabue, and for the purpose of adjusting and settling said claim of appellees against said estate, said trustee in bankruptcy on December 30, 1913, conveyed by deed duly executed to appellees all that portion of lot No. 123 in the town of Carthage which was conveyed by said Kate L. Whitney to said R. E. Trabue on December 14, 1911. This deed from the trustee in bankruptcy does expressly recite that it is made for the purpose of paying the claim of appellees, Ash and Biggs, against the estate of R. E. Trabue, in bankruptcy, by reason of said Ash and Biggs being the holders and owners of said note, and the deed further recites that the property thereby conveyed is accepted in satisfaction of said claim of Ash and Biggs against said estate. There is no mention in this deed itself of any personal property being conveyed to Ash and Biggs in settlement and discharge of their claim against this bankrupt estate, but on the very same day (December 30, 1913) said trustee in bankruptcy also executed to appellees, Ash and Biggs, the following written instruments:

"In the District Court of the United States for the Eastern District of Texas, at Tyler.

"In the Matter of R. E. Trabue, Bankrupt. No. 1720. In Bankruptcy.

"Whereas, on the 30th day of December, 1913, the trustee in the above proceedings executed to R. P. Ash and W. E. Biggs, of Panola county, Tex., a deed to a portion of lots 122 and 123

in Carthage, Tex., in consideration of the cancellation of a certain vendor's lien against said property;

"And whereas, said vendor's lien note appears to be also a lien on certain personal property, as described in deed from Miss Kate Whitney to R. E. Trabue, wherein said vendor's lien was retained, the nature and extent of which and the title thereto is entirely unknown to this trustee, but which it was agreed that the said Ash and Biggs might have thereto such title as this trustee at this time might have, if any he has, therein:

"Now, therefore, I, Thomas D. Bonner, trustee in the aforesaid proceedings, in consideration of the said agreement hereby release unto the said R. P. Ash and W. E. Biggs, of Panola county, Tex., such title only as this court and this trustee may have in and to said personal property.

"Signed this 30th day of December, A. D. 1913.

"Thomas D. Bonner, Trustee.
"R. E. Trabue, Bankrupt."

[5] Now the testimony on the part of appellee W. E. Biggs, which was admitted over the objections of appellants, and which is made the basis of this assignment, was to the effect that it was understood between the trustee in bankruptcy, Bonner, and Ash and Biggs, at the time the deed from the trustee to Ash and Biggs was executed, that Ash and Biggs were also to have the items of personal property, being the machinery which was recovered by the judgment herein, in settlement and discharge of their claim against said bankrupt estate. This testimony was objected to on the specific grounds that the deed from the trustee in bankruptcy to Ash and Biggs and the order of the bankrupt court authorizing the same show that the land conveyed by such deed and accepted by Ash and Biggs was to be in full satisfaction of their claim against the bankrupt estate, and therefore that such testimony contradicted a written instrument and judgment of the bankrupt court.

The proposition is that parol evidence is not admissible to add to or take from a written instrument or the judgment of a court without an allegation of fraud or mistake. This proposition, as an abstract one, announces a familiar rule, but we do not think that it should have application here, for the reason that as shown by this record the deed executed by the trustee in bankruptcy and the bill of sale were both executed on December 30, 1913, and both have reference to the claim of Ash and Biggs as creditors against the bankrupt estate then in the hands of said trustee, and both purport to have been executed by the trustee in settlement and discharge of the claim of Ash and Biggs against said estate, and we think that the deed and bill of sale should be considered and construed together, as evidencing one and the same transaction, and when so considered there can be no escape from the conclusion that it was the intention and purpose of the trustee in bankruptcy to convey to Ash and Biggs the items of machinery which were sold by Miss Kate Whitney to R. E. Trabue by her deed to him of December 14, 1911, a portion of which was recovered by appellees by the judgment herein.

[6] There is no question, in our opinion, but that the evidence in this record shows that the items of personal property, possession of which was awarded by the judgment herein to appellees, was a portion of the machinery mentioned in the deed from Kate L. Whitney to R. E. Trabue, above mentioned, and, of course, when Trabue was adjudicated a bankrupt, and the trustee in bankruptcy was appointed, the legal title to this property passed immediately to said trustee in bankruptcy, and the said R. E. Trabue no longer had any character of title thereto, and it was proper for the bankrupt court, having jurisdiction of this bankrupt estate, to make disposition of the property belonging to the estate such as might be deemed most advantageous to the creditors of said bankrupt, and if in the judgment of the trustee in bankruptcy it was for the interest of such creditors, appellees being among them, to adjust and settle the claim of appellees against said estate by conveying to them the land mentioned in his deed and the personal property mentioned in the bill of sale executed at the same time, we think he was authorized to do so, without any right of complaint in the bankrupt, and we think that it was permissible to show by the witness Biggs that such was the agreement and understanding between the trustee and Ash and Biggs at the time of such conveyance, and as recited by the bill of sale from the trustee. The assignment of error is therefore overruled.

The fourth assignment of error is as follows:

"Because the court erred in overruling the defendants' motion to withdraw their announcement in this case of ready for trial, and to continue this case for the purpose of securing the evidence of Thomas D. Bonner to prove there was no consideration for the bill of sale to the machinery."

The proposition under this assignment is:

"When a trustee conveys property without consideration, the sale is void and no title passes."

We confess that we are unable to see that this proposition of law has any relevancy whatever, or is germane to any extent to this assignment of error, and for that reason this court might properly ignore this assignment. Nevertheless, we have examined the record in connection with this complaint, and we find there is no merit in it whatever, and the assignment is therefore overruled.

The fifth assignment is as follows:

"Because the judgment of the court should have been for the defendants, because the undisputed evidence shows that the defendants had had certain machinery in their possession, using and claiming the same for more than two years before this suit was filed."

In connection with this assignment, we have carefully examined the statement of facts, and we have concluded that we would not be authorized to hold that the evidence relative to appellants' defense of limitation

was such as to compel a finding by the trial court that they had acquired title to the items of property recovered by appellees, under the statute of limitation of two years, interposed by appellants. We think that instead of the evidence showing without contradiction that this property had been held adversely and exclusively in the possession of appellants for a period of two years prior to the institution of this suit, such evidence was at least in sharp conflict, and we doubt whether the evidence relied upon by appellants on this point, even had there been no contradictory evidence on the part of appellees, would have been sufficient to have compelled a finding by the trial court that this property was in the exclusive adverse possession of appellants for the full period of two years prior to the institution of this suit.

[7] It is a familiar rule of law in this state that where title to property is claimed in virtue of any law of limitation, it is incumbent upon the claimant to show clearly that such property has been in the exclusive and adverse possession of the claimant for such period of time as will, under the statute, divest the true owner of title. This record does not show that such character of proof was made in this case, and the assignment in this connection is overruled.

The sixth assignment is:

"Because the court erred in rendering judgment for the plaintiffs in this case based on the bill of sale made by Bonner to them, because the same shows that he was only conveying a lien, if any he had, and does not describe any property whatever, and there was no evidence that this property was ever situated on the lots described in the deed from Miss Kate Whitney to R. E. Trabue, but the evidence shows that the machinery here sued for was never on said lots."

[8] In answer to this assignment, it is sufficient to call attention to the bill of sale from the trustee in bankruptcy to Ash and Biggs, hereinbefore mentioned, which refutes the contention of appellants in this connection with reference to what the bill of sale conveyed, and as to the remaining portion of the assignment we will say that we have carefully examined the record in connection therewith, and find that the complaint made is not sustained by the record. The assignment is overruled.

This disposes of all assignments of error found in appellants' brief, and having concluded that none of them point out any reversible error, all are overruled, and the judgment of the trial court is affirmed.