## JOHNSON v. ROPER, HARRIS & DUNN CO. (No. 3510.)

Court of Civil Appeals of Texas. Texarkana. Feb. 16, 1928.

**I. Bankruptcy ⊕→270—Referee's order confirming sale of bankrupt's mortgaged property, said to be without notice to mortgagee, held not subject to collateral attack in foreclosure suit.**

Suit in state court by mortgagee to foreclose chattel mortgage, brought against purchaser of mortgaged property at sale in proceedings in mortgagor's bankruptcy, *held* to involve collateral attack on referee's order confirming sale of bankrupt's property free from liens, preventing mortgagee's recovery of such property from purchaser, even if no notice was given mortgagee of sale, since order was at most merely voidable, and not void, and was not subject to collateral attack.

**2. Bankruptcy ⊕→270—That notice to mortgagee showed bankrupt mortgagor's failure to schedule assets held immaterial in foreclosure suit against purchaser in bankruptcy proceedings.**

Fact that bankrupt's mortgagee was advised in notice of adjudication of bankruptcy that debtor had not scheduled any assets *held* immaterial in mortgagee's foreclosure suit in state court against purchaser of mortgaged property at sale in bankruptcy proceedings; mortgagee being charged with knowledge that debtor's failure to schedule assets was not conclusive.

Appeal from Hunt County Court; N. E. Peak, Judge.

Suit in justice court by the Roper, Harris & Dunn Company against J. M. Johnson and another. On appeal to the county court, judgment in favor of defendant Johnson was reversed, and he appeals. Modified and affirmed.

The suit, commenced October 29, 1926, in a justice court, was by appellee Roper, Harris & Dunn Company, a corporation, against B. F. Robertson and appellee, J. M. Johnson. It was to recover $126.76, which appellee claimed Robertson owed it on an open account for goods it sold him in February, March, April, May, and June, 1926, and to foreclose a mortgage (dated and filed for registration January 6, 1926) on an air compressor and fittings (alleged to be of the value of $150), made by Robertson to secure the indebtedness. It was alleged that appellant was in possession of and claiming an interest in the air compressor and fittings. Robertson made no answer to the suit. In the answer appellant made to it he alleged (and at the trial proved) that on September 21, 1926, Robertson was adjudged a bankrupt; that on the same day notice in writing of such adjudication was given by the referee

in bankruptcy to appellee, and it was advised to at once prove its claim as provided by law; that on September 22, 1926, the trustee in bankruptcy applied to said referee for an order directing the sale "free of liens" of the property belonging to the bankrupt; that said application was granted September 29, 1926; that said property was accordingly sold October 12, 1926; that at the sale appellant purchased the air compressor and fittings in controversy here; that the sale to appellant was confirmed by the referee by an order made October 13, 1926; and that he paid to the trustee the amount he bid for the property. The judgment in the justice court was in appellee's favor against Robertson for the amount it sued for, and in appellant's favor against appellee for the air compressor and fittings. The judgment on the appeal to the county court was in appellee's favor against Robertson for the amount sued for, and foreclosing the lien it claimed on the property mentioned. The appeal is by Johnson alone.

Clark, Harrell & Starnes, of Greenville, for appellant.

Bowman & Bowman, of Greenville, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The referee in bankruptcy having ordered the property in controversy to be sold "free of all liens," the trustee having made the sale accordingly, and the sale having been duly confirmed, appellant insists that as the purchaser at the sale he became the owner of the property free of the lien of appellee's mortgage. Appellee concedes that as such purchaser appellant became the owner of the property, but insists his ownership thereof was subject to its mortgage lien; the insistence being on the theory that the sale by the trustee, so far as it was free of liens, was ineffective as to appellee, because it did not appear it had notice thereof. Not questioning the right of appellee in a proper way to have made such a contention in the bankruptcy court, appellant insists, and we agree, it had no right to make it in a suit like this one is, commenced and prosecuted in another court. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Newman v. Mackey, 37 Tex. Civ. App. 85, 83 S. W. 31; Scudder v. Cox, 35 Tex. Civ. App. 416, 80 S. W. 872; Parsons v. Weis, 144 Cal. 410, 77 P. 1007; O'Neill v. Potvin, 13 Idaho, 721, 93 P. 20, 257; Gantt v. Jones (C. C. A.) 272 F. 117; In re Kligerman (D. C.) 219 F. 758.

The testimony was conflicting as to whether appellee had notice of the sale or not; but, if it appeared it did not have such notice, we would think its contention was nevertheless within the rule with reference to collateral attacks on judgments. Keller v. Faickney, 42 Tex. Civ. App. 483, 94 S. W. 103; Traube v. Ash (Tex. Civ. App.) 200 S. W. 415; Moore v. Johnson, 12 Tex. Civ. App. 694, 34 S. W. 771; Smith v. Olsen, 23 Tex. Civ. App. 458, 56 S. W. 568; McRaney v. Riley, 128 Miss. 665, 91 So. 399, 22 A. L. R. 685; In re Hayward (D. C.) 130 F. 720; Robertson v. Howard, 229 U. S. 254, 33 S. Ct. 854, 57 L. Ed. 1174; note to Keystone Collieries v. Mudge, 1 A. L. R. 1446. In the case first cited it seems the sale by the trustee was in the absence of an order authorizing him to make it. The court said:

"While the law seems to contemplate that the trustee should procure an order to sell the property of the bankrupt, and it is doubtless the universal practice to do so, we think the regularity of a trustee's sale cannot be collaterally attacked, and that such questions can be raised only in the court in which the proceedings are pending."

[2] Certainly, if a sale by a trustee in bankruptcy without an order authorizing him to make it is voidable only, and therefore not subject to a collateral attack, a sale duly ordered, when made by such trustee and afterward duly confirmed, is not void, and therefore subject to such an attack by a creditor who (as appellee was) was duly notified of the action of the court in adjudicating the debtor to be a bankrupt, and who at the same time was invited (but failed) to prove up his claim against the bankrupt. The fact, urged by appellee, that it was advised in the notice it received of the adjudication that the debtor had not scheduled any assets, we think was immaterial. Appellee must have known that the debtor's failure to schedule assets was not conclusive of the fact that he had no assets. Moreover, as the holder of a mortgage against property owned by the debtor appellee knew he had assets, and could not have been misled by the statement of the referee.

A question as to the right of a party to make a "collateral attack" on a judicial proceeding was not involved in any of the cases cited by appellee as supporting its contention.

The judgment will be so modified as to deny appellee a foreclosure of the lien it claimed on the property in controversy, and, as so modified, will be affirmed.