# IN THE SUPREME COURT OF TEXAS

════════════

No. 12-0620

════════════

RAHUL K. NATH, M.D., PETITIONER,

v.

TEXAS CHILDREN'S HOSPITAL AND BAYLOR COLLEGE OF MEDICINE,
RESPONDENTS

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════

JUSTICE GREEN, joined by JUSTICE LEHRMANN, JUSTICE BOYD and JUSTICE BROWN, dissenting.

The Court holds that the trial court abused its discretion when it assessed sanctions against Dr. Rahul K. Nath without examining the extent to which Texas Children's Hospital and Baylor College of Medicine caused the accrual of their own attorney's fees. ___ S.W.3d ___, ___. Because I read the trial court's orders as having addressed that specific factor, and because I believe the trial court's discretion is broader in this context than the Court does, I respectfully dissent.

The abuse of discretion standard is critical to our analysis in this case. Under this standard, we may reverse the trial court *only* if it acted "without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004)).

The amount of a sanction is limited only by the trial court's duty to act within its sound discretion in accordance with the Due Process clause of the Texas Constitution. *Low*, 221 S.W.3d at 619; *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). In exercising its discretion, the trial court must ensure that the sanction: (1) relates directly to the abuse found; and (2) is not excessive. *Low*, 221 S.W.3d at 620; *Powell*, 811 S.W.2d at 917. In *Low*, we provided a list of non-exhaustive factors to assist a trial court in determining whether a sanction is appropriate. *Low*, 221 S.W.3d at 620–21 n.5. We explained that a trial court need not consider every factor listed, but rather "should consider relevant factors in assessing the amount of the sanction" in each case. *Id.* at 621.

The Court's holding that the trial court abused its discretion in assessing the amount of sanctions rests on two erroneous propositions: (1) the trial court omitted from its analysis a single *Low* factor regarding the extent to which Texas Children's Hospital and Baylor caused the accrual of their own attorney's fees, *see Low*, 221 S.W.3d at 620–21 n.5; and (2) the trial court was required to consider that factor when assessing monetary sanctions. ___ S.W.3d at ___.

First, the trial court's exhaustive findings of fact and conclusions of law in support of its sanctions award indicate that it considered all of the *Low* factors. Paragraph 91 of the Texas Children's Hospital order concluded:

> *In determining the amount of sanctions, this Court has considered the factors listed in Low v. Henry, 221 S.W.3d at 620 & n.5.* In light of Nath's bad faith and improper purposes, as set forth herein; Nath's knowledge of the law as a former legal student; Nath's prior conduct as a litigant in numerous cases; the expenses incurred by Texas Children's Hospital as a result of the litigation and their reasonable proportion to the amount Nath sought in damages; the relative culpability of Nath, as set forth above; the minimal risk of chilling legitimate litigation activity posed by sanctions here;

2

> Nath's ability to pay for the damages he has caused Texas Children's Hospital; the need for compensation to Texas Children's Hospital as a result of the damages inflicted upon it in defending against this lawsuit; the necessity of imposing a substantial sanction to curtail Nath's abuse of the judicial process and punish his bad faith and improper conduct; the burdens on the court system attributable to Nath's misconduct, including his consumption of extensive judicial time and resources in prosecuting this case; and *the degree to which Nath's own behavior caused the expenses for which Texas Children's Hospital seeks reimbursement*, the Court concludes that Texas Children's Hospital should be awarded a substantial portion of its attorney's fees to sanction Nath for his conduct. (Emphasis added).

The trial court reached a similarly-worded conclusion in its findings of fact and conclusions of law in support of its judgment granting Baylor's request for sanctions. In both orders, the trial court expressly stated that it was familiar with the *Low* factors and had considered them in assessing sanctions. The Court claims, however, that in both orders, the trial court failed to "discernibly examine" an "unquestionably relevant" *Low* factor. ___ S.W.3d at ___, ___. However, reading the findings and conclusions as a whole, I can conclude only that the trial court *did* consider the factor that the majority claims was omitted. In its findings and conclusions, the trial court expressly stated that it considered "the degree to which Nath's own behavior caused the expenses for which Texas Children's Hospital [and Baylor] seeks reimbursement." The trial court's list of considerations mirrors the *Low* factors except in this one instance. While the trial court appears to have transposed Nath's name where Texas Children's Hospital or Baylor's name should have been, we should view this transposition as merely a typographical error which may be forgiven, rather than an omission. *Cf. Bd. of Adjustment of City of San Antonio v. Wende*, 92 S.W.3d 424, 428 n.2 (Tex. 2002) (reading the printed word "riot" to mean "not" in a statute containing a typographical error); *City of Amarillo v Martin*, 971 S.W.2d 426, 428 n.1 (Tex. 1998) (inserting the word "not" into a statute to indicate

3

the obvious legislative intent); *Beall v. Chatham*, 99 S.W. 1116, 1117–18 (Tex. 1907) (affirming a judgment containing a typographical error which obscured the trial court's reasoning). After all, Nath's conduct was covered fully by other *Low* factors that the trial court considered.

The trial court's extensive findings of fact and conclusions of law regarding Baylor's request for sanctions totaled forty-one pages and contained ninety-five discrete findings and conclusions. The trial court's findings and conclusions regarding Texas Children's Hospital's request for sanctions totaled forty-two pages and contained ninety-four discrete findings and conclusions. Given the trial court's exhaustive effort to explain its decision and address the *Low* factors, it seems a waste of judicial resources to remand this case so that the trial court may correct a typographical error.

Second, contrary to the Court's holding, a trial court has as much discretion in determining which *Low* factors to consider as it does in determining the amount of the sanctions assessment. The Court cites *Low* for the proposition that when a factor is relevant, a trial court must consider it or risk reversal on appeal. ___ S.W.3d at ___ (citing *Low*, 221 S.W.3d at 620–21). This reading of *Low*, which unnecessarily constrains a trial court's discretion, begs the question—who is to determine whether a factor is relevant, and, under what standard is that decision reviewed? In my view, we must respect the trial court's discretion to determine which factors are relevant and its discretion to ensure that the amount of its sanctions assessment is appropriate and supported by evidence. After all, the trial court witnessed the parties' behavior firsthand.

Furthermore, the Court's interpretation of *Low*'s use of "should" as creating a mandatory requirement is unconvincing. Just as this Court has held that a statute or rule containing "shall" does not always mandate action, surely our own use of "should" must likewise be interpreted to be merely

4

directory. *Cf. Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310–11 (Tex. 1976) (interpreting administrative rule containing "shall" to be merely directory, not mandatory); *Chisholm v. Bewley Mills*, 287 S.W.2d 943, 945 (Tex. 1956) (interpreting statute containing "shall" to be merely directory, not mandatory); *Thomas v. Groebl*, 212 S.W.2d 625, 630–32 (Tex. 1948) (same).

Again, I would caution against excessive scrutiny of the trial court's application of the *Low* factors when the trial court's assessment of sanctions, as a whole, does not amount to an abuse of discretion. As we noted in *Low*, the amount of a penalty under Chapter 10 of the Civil Practice and Remedies Code should "begin with an acknowledgment of the costs and fees incurred because of the sanctionable conduct." 221 S.W.3d at 621. The trial court found that a large sanction was "required to sufficiently punish Nath's conduct and deter similar conduct in the future." The record details Texas Children's Hospital and Baylor's incurred attorneys' fees, and the trial court's sanctions assessment excludes fees related to the recusal proceedings.[1] The trial court, after finding ten of the thirteen *Low* factors to be applicable, had an ample basis for assessing sanctions at the amount of Texas Children's Hospital and Baylor's incurred attorneys' fees.

We might critique the final amount of the sanctions imposed. We might reach a different result under de novo review. But that is simply not our task. We normally afford the trial court considerable latitude under the abuse of discretion standard. We should not modify our test even when it yields unpalatable results. Provided that the trial court relies upon the guiding principles this Court established in *Low* and supports its findings with evidence in the record, we should affirm

---

[1] Only the judge hearing the recusal motion may assess these sanctions. TEX. R. CIV. P. 18a(h).

even debatable sanctions. Why? Because, as the trial judge wrote: "The Court has witnessed much of this behavior firsthand." The trial court dealt with the parties throughout four years of litigation. The court watched Nath cycle through claim after claim in multiple petitions. The court dealt with numerous attorneys. The court dealt with Nath's last-minute effort to recuse the trial judge—followed by Nath's attempt to recuse the judge overseeing the recusal process. The court admonished Nath's attorneys to cease certain irrelevant pursuits, and then saw Nath ignore this admonishment in an affidavit reemphasizing irrelevant matters. Finally, the trial court dismissed all of Nath's remaining claims at the summary judgment stage. The trial court witnessed all of Nath's actions firsthand, found support in the record, and relied upon the factors this Court set out in *Low* to arrive at its assessment. Therefore, I would hold that the trial court did not abuse its discretion in assessing sanctions against Nath.

The Court's remand of this case is especially troubling because the trial court judge who presided over the case for four years lost reelection in 2012. His replacement will face the same disadvantage in reviewing the sanctions assessment that the Court does today—she did not witness Nath's behavior firsthand. The current trial court's unfamiliarity with the parties and the litigation will require her to either conduct additional hearings or base her decision upon the same cold record this Court cautions against. *E.g.*, *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688 (Tex. 2012). Neither of these options are adequate substitutes for a trial court's firsthand observations, and the Court should not remand the case for an unfamiliar trial court to reconsider sanctions.

*Low* provides boundaries for trial courts assessing sanctions. We must ensure that trial courts act within these boundaries; however, we cannot have appellate courts unnecessarily circumventing

a trial court's discretion. Detailed findings of fact and conclusions of law and an extensive record provide support for both the decision to sanction and the amount of the sanctions. On the record here, I conclude that the trial court acted within its discretion. Because the Court holds otherwise, I respectfully dissent.

_____
Paul W. Green
Justice

OPINION DELIVERED: August 29, 2014