### H. B. COOPER ET AL. v. A. P. LOUGHLIN AND WIFE.

#### No. 2892.

1. **Foreclosure as Against Secret Trusts.**— Where the legal title to land is vested in a party for the purpose of enabling such party to raise money upon it, and such loan is obtained upon the security of the property, the holder of the note upon foreclosure, not knowing nor having the means of knowing of the trust or the beneficiaries, did not join them in foreclosure proceedings; *held,* that a purchaser under such foreclosure would take a good title against the trust, regardless of his (the purchaser's) notice of the trust.

2. **Pleading.**—Facts not alleged, though proved, can form no basis for judicial action.

3. **Parties to Administration.**—Persons who are distributees of an estate are parties to the administration, and are bound by the orders of the Probate Court in the administration.

4. **Property Subject to Administration.** — See facts where it was *held* that land vested in a trustee for certain purposes was subject to administration upon the death of such trustee as his assets charged with the trusts, etc.

5. **Sale by Heirs, etc., Pending the Administration.**—A sale of property by the heirs or others entitled to the property of an intestate is invalid against a purchaser under administration proceedings upon the property of such intestate subject to the administration.

APPEAL from Ellis. Tried below before Hon. Anson Rainey.

The opinion states the case.

*Groce & Templeton,* for appellants.—Upon the death of V. M. Stewart and the appointment of an admistrator of her estate, the title to the land in controversy vested in her administrator, whose right thereto, especially in so far as might be necessary to pay said mortgage debt, was superior to any claim of appellees to said land, either by virtue of the agreements set up by them, or any conveyance by the heirs of V. M. Stewart after her death; and the Probate Court, in the administration of the estate of V. M. Stewart, did have jurisdiction of said land, and the purchase thereof by the Coopers at a sale duly made and confirmed under and by order of the court in course of administration upon the estate of V. M. Stewart vested in said Coopers full title to said land as against appellees.

Rev. Stats., art. 1817; Martin v. Robinson, 67 Texas, 368; Love v. Berry, 22 Texas, 371; Taylor v. Harrison, 47 Texas, 454; Robertson v. Paul, 16 Texas, 472; Fortson v. Caldwell, 17 Texas, 627; Boggess v. Lilly, 18 Texas, 200; Chandler v. Burdett, 20 Texas, 42; Cunningham v. Taylor, 20 Texas, 126; McMiller v. Butler, 20 Texas, 402; Buchanan v. Monroe, 22 Texas, 537.

*E. P. Anderson* and *Thompson & Clint,* for appellees.

HENRY, ASSOCIATE JUSTICE.—Appellees were plaintiffs in the District Court. Their petition, in substance, charges that in January, 1885, M. A. Loughlin, the wife of D. P. Loughlin; M. J. Tucker, the wife of A. W. Tucker; M. S. Worley, wife of C. R. Worley; D. W. Stewart, and W. G. Stewart each owned an undivided one-fifth fee simple estate in two tracts of land lying in Ellis County, and particularly described in the petition. It charges that at the same date Mrs. V. M. Stewart, the mother of said tenants in common, owned a life estate in said lands.

It avers that at said date all of the other owners, including Mrs. Stewart, contracted with said D. P. Loughlin and wife to sell to them their interests in said land for the sum of nineteen hundred dollars, to be divided equally between them—amounting to $380 for each of them.

It further charges that said Loughlins did not have the money to make said payments; wherefore it was agreed that to enable them to borrow the money, all of the said owners, including the Loughlins and excluding Mrs. Stewart, would convey their interests in the land by a warranty deed to Mrs. Stewart, so that the required amount of money could be borrowed in her name by her executing a mortgage upon the land to secure the payment of the debt, after which, and after the said sum should be obtained and distributed as above alleged, it was agreed that Mrs. Stewart should convey the land, subject to the mortgage, to the Loughlins.

The petition alleges that the land was conveyed to Mrs. Stewart in pursuance of the agreement, and Loughlin negotiated a loan from J. B. Watkins & Co. for two thousand dollars, in the name of Mrs. Stewart, for which she mortgaged the land.

It is alleged that the expenses of procuring the loan and paying some taxes against the land reduced the sum borrowed to $1805, whereupon it was agreed between the parties that the last named sum should be divided between the vendors so that each should receive in money the sum of $361, and accept the notes of the Loughlins for the balance due them.

It is charged that Mrs. Stewart died without executing the deed, and that subsequently to her death the Loughlins and the other parties made substantially the same agreement, in pursuance of which the Loughlins executed to the different parties their notes for the sums to which each

was entitled, and all of the vendors executed and delivered to the Loughlins a deed for the lands, except that A. W. Tucker, the husband of one of the married vendors, was not present and did not sign the deed; that the deed was acknowledged by the parties who signed it, and was then left with the magistrate who took the acknowledgments, for the purpose of being signed and acknowledged by said A. W. Tucker.

It is alleged that the said A. W. Tucker refused to sign the deed for a reason not connected with the original transaction, and that the deed was subsequently delivered by the magistrate to one of the vendors without the knowledge or consent of the Loughlins.

Mrs. Loughlin died leaving some minor children, who are coplaintiffs with their father in this suit.

It is not alleged when the mortgage debt matured, nor that any part of it had been paid otherwise than as hereinafter shown, nor that the mortgagee had any notice of the aforesaid transactions.

The foregoing allegations are supported by the evidence. The mortgage debt matured without being paid, and administration upon the estate of V. M. Stewart having been opened, it was duly probated.

The County Court ordered the land to be sold for the payment of the debt. Appellants purchased it at the sale, and the sale having been confirmed, it was conveyed to them by the administrator.

The purchase money was paid, and after discharging the mortgage debt there remains a balance of it in the hands of the administrator.

The judge filed the following conclusions of law:

"1. At the death of V. M. Stewart the absolute title to the land vested in plaintiffs, encumbered by the mortgage debt.

"2. The Probate Court had no jurisdiction of said land, and as defendant Cooper bought with notice of plaintiff's interest in said land, he acquired no title to same.

"3. The funds of defendant Cooper having paid off the mortgage, he is entitled to a lien on the land according to the terms of said mortgage, and a foreclosure of same on said land."

A decree was rendered in accordance with these conclusions.

The court erred in the first and second conclusions. The legal title did not vest in plaintiffs before the death of Mrs. Stewart, and to whatever extent it was conveyed to them after her death it was subject to an administration of her estate. It is very clear that the legal title was vested in her, charged with trusts, not shown by the deed, but existing in parol.

These trusts were, first, to borrow $2000 in her own name and secure its payment by a mortgage on the land, to be discharged by the Loughlins; and, second, that she would convey the land subject to the mortgage, or convey the equity of redemption to the Loughlins. This unquestionably vested in plaintiffs such an equitable interest in the land as to require that they should be made parties to a suit to foreclose the mortgage brought

by any person having notice of their rights. They had the right to defeat such foreclosure by showing that the debt had been paid, or by paying it then or at any time before the land was sold. The objection to the maintenance of a suit to which they were not made parties would be that it deprived them of these substantial rights. If, however, the mortgage creditor had no notice of the parol trusts, it would be his right to proceed to a foreclosure of the mortgage without joining the unknown beneficiaries, and a purchaser, with or without notice, under such decree would be protected.

As the question in this case was, whether the mortgagee and not whether the purchaser under the mortgage had notice, the conclusion of the court with regard to the effect of notice to Cooper was erroneous. It would have been, as the record now presents this case, equally erroneous to find that the mortgagee had notice of the trusts in favor of the Loughlins, subject to which the legal title was held by Mrs. Stewart during her life and by her heirs after her death, because while there is in the record evidence that the mortgagee was affected with notice of such trusts, that evidence not being in response to any allegation upon the subject ought to have been disregarded.

In the case of Hall & Jones v. Jackson, 3 Texas, 311, it is said that "facts not alleged, though proved, can not constitute the basis of an adjudication." McKinney v. Fort, 10 Texas, 234; Denison v. League, 16 Texas, 408.

In the case of Paul v. Perez, 7 Texas, 345, it is said: "The principle that the allegata must be broad enough to admit all the necessary proof, and that every material fact must be alleged, has often been decided by this court; first solemnly adjudicated in Mims v. Mitchell, 1 Texas, 443, and sustained by an unbroken train of decisions from that time down to the present. And if there was proof without such allegata, it should be disregarded."

But aside from these considerations, and conceding that under proper pleadings the Loughlins would not be bound by a sale made under a judgment in a proceeding in which they had not been made parties, it must be still held that they were parties, and as such were bound by the proceedings had in the County Court of Ellis County.

At the time of these proceedings Mrs. Loughlin was dead, and plaintiffs, as her husband and children, were interested in the estate of Mrs. V. M. Stewart, and as parties to the probate proceedings had the right to be heard and to prosecute appeals from the judgments rendered therein.

The only right that they had, as we have suggested, with regard to a suit to foreclose the mortgage, was to show that the debt or the lien never existed, or that it had been paid in part or wholly; and failing in either of said defenses, to have opportunity to discharge the debt before the

property was sold.    Unquestionably they could have asserted all of these rights and have been fully protected in the County Court.

When Mrs. V. M. Stewart died the legal title to the land was in her, coupled with an interest in it that it should be administered for the payment of a debt for which she was primarily bound.    Title had been vested in her for the very purpose of paying the debt.    When living she could have made the land contribute to that purpose.    Upon her death the proper way for her creditors to proceed to collect their claims against her was through an administration of her estate in the County Court. The right of the creditor and her administrator to subject the land, by proper proceedings, to the payment of the debt can not be held to be less than was her own right to do so during her life.

The legal title to the land vested in her heirs upon her death only as it does in all other cases; it descended to her heirs subject to the administration proceedings.

The conveyance of the land by all of the other heirs to the Loughlins after the death of their mother did not at all affect the administration proceedings, even if such conveyance could be treated as complete without the joinder or consent of the husband of one of the married women.

We conclude that as the case is now presented by the record, independently of the question with regard to the pleadings, the County Court had jurisdiction to order a sale of the land, and that the title vested in appellants under said proceedings.

Appellees ought to have judgment for so much of the proceeds of the sale as remained after the payment of the mortgage debt and such costs of administration as strictly resulted from the proceedings to foreclose the mortgage.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered December 20, 1889.