## J. F. DAVIS ET AL. v. P. W. DAVIS ET AL.

### Decided June 25, 1908.

**1.—Pleading—Judgment.**

Facts proved but not alleged can not be made the basis for a judgment. In a suit to take an estate out of the hands of trustees named in a will, and partition the same among the devisees, pleading considered, and held insufficient to warrant a judgment in favor of plaintiffs on the ground that there had been unreasonable delay on the part of the trustees in making partition, such ground for the action of the court not having been alleged.

**2.—Will—Partition—Interested Trustee.**

The fact that a trustee, named in a will to make partition of an estate, has an interest as devisee in the estate, would not of itself disqualify him from making the partition.

3.—Will—Partition—Unreasonable Delay.

Evidence considered, and held to support a finding of the trial court that there had been unreasonable delay, on the part of trustees named in a will, in making partition of the estate.

Appeal from the District Court of Montgomery County. Tried below before Hon. L. B. Hightower.

*Nugent & Foster,* for appellants.—When a testator provides the manner and means of disposition of his estate, giving the right to make such distribution to trustees named in his will, a court of equity will not disregard the directions of the testator and order a statutory partition, unless it is made to appear that the trustees are wasting the estate, or otherwise abusing their power—that is, unless strong equitable reasons are shown for disregarding the directions of the testator. There being in this case no allegations that the trustees were abusing their power, or were delaying unnecessarily the partition of said estate, it was error for the court to nullify the terms of the will of Nathaniel Hart Davis, and to award plaintiffs a statutory partition. 28 American & English Enc. of Law, page 1048, and note 3, pp. 980 and 1098; Cowling v. Douglass, 4 Ala., 206; 3 Pomeroy's Eq. Jurisprudence (3d ed.), sec. 1086; Pierce v. Weaver, 65 Texas, 47, 48.

*Jno. C. Williams,* for appellees.—Where facts are plead in detail, their force and effect are determined by law and not by the conclusions of the pleader, and the pleader need not state his conclusions in the plea. Connor v. Saunders, 81 Texas, 633; National Bank of Jefferson v. Texas Investment Co., 74 Texas, 421.

REESE, ASSOCIATE JUSTICE.—This is a suit by P. W. Davis and others constituting, with J. F. Davis, all of the persons entitled under the wills of N. Hart Davis and his wife, S. E. Davis, both deceased, to the property and estate of said testators, against J. F. Davis, trustee under the will of the said N. Hart Davis and in possession of said property, for a partition thereof between plaintiffs and defendant. The court, trying the case without a jury, ordered partition of the one-half of the property belonging to the estate of N. Hart Davis, said property being all realty, and community property of said N. Hart Davis and his wife, S. E. Davis, and commissioners were appointed to make partition, but the court refused to order a partition of the one-half of the property belonging to the estate of Mrs. Davis.

While the case was pending Mrs. Amelia Wood, joined by her husband, original plaintiffs, in some way got on the other side of the docket and joined J. F. Davis in resisting the partition, and were made defendants. J. F. Davis, Mrs. Wood and her husband join in prosecuting this appeal from the judgment in so far as it orders a partition of the property of N. Hart Davis. No objection is made by any of the parties to the refusal to order partition of Mrs. S. E. Davis's portion of the property. The property ordered to be partitioned consists of several small tracts of land lying in Montgomery, Harris and Madison Counties.

N. Hart Davis, previous to his death in 1893, executed a will and

afterwards added various provisions thereto by way of codicils and additional items. The final result of these various additions, with the original instrument, was to convey to certain trustees or those of them who should qualify at any time before the death of his wife, Mrs. S. E. Davis, the legal title to his one-half of the property in controversy, to be by them held in trust for his five children, naming them. The property was not to be divided until the death of Mrs. Davis, but upon her death the trustees, or the survivor or survivors of them, were to make partition among the said devisees, by dividing it into portions of equal value and then draw lots for the portions of the respective parties. It was provided, however, that P. W. Davis, one of the children, and named in the original will as one of the trustees, should not participate in this partition. Mrs. Davis died August, 1904, and at her death, of the several trustees named by the testator there were living only P. W. Davis, the defendant J. F. Davis, and Felix Davis. The two former regularly qualified under the will, but Felix Davis has never qualified. The only one of the trustees qualified under the terms of the will at the death of Mrs. Davis and at the date of the trial to make the partition, was the defendant J. F. Davis. This suit was filed June 20, 1905.

The court, in conclusions of fact embraced in the judgment, found as a basis of the decree, that Mrs. Davis died on or about August 26, 1904, leaving a will which was duly probated, and that the trustees under the will of N. Hart Davis had failed and refused to partition the land within a reasonable time after the death of Mrs. Davis, and that the plaintiffs and interveners had a legal right to have said land partitioned. The court then proceeds to make decree ordering partition among the heirs of N. Hart Davis, appointing commissioners, etc.

The first assignment of error, with the proposition thereunder, fairly presents the objection urged by appellants to the judgment that there are no allegations in the petition that the trustees were abusing their power, or were delaying unnecessarily the partition of said estate, and that it was error for the court to nullify the terms of the will and to award plaintiffs a statutory partition.

The decree of the court is based solely upon the ground of unreasonable delay in making partition of the property after Mrs. Davis's death. The finding of the court, upon the evidence, that there had been such unreasonable delay, would not be disturbed, but the objection of appellants that there were no allegations in the petition to authorize such finding, or to authorize a decree awarding partition by commissioners under the orders of the court, must be sustained. The case comes within the familiar and well-settled rule that facts proven but not alleged can not be made the basis of a judgment. (Cooper v. Loughlin, 75 Texas, 527.)

Appellees insist, in reply to this assignment of error, that the following allegations in their petition are sufficient to authorize the conclusion of the court and the judgment based thereon. "That the said N. H. Davis died on or about the 8th day of October, 1893, and that he left surviving him his widow and the following children (naming them); that he left a will, which has been duly probated in the County Court of Montgomery County, wherein he bequeathed his community interest

in and to all of the premises and property hereinabove mentioned and described to J. R. Davis, J. F. Davis and J. L. Irion, as trustees, to be by said trustees as aforesaid, at any time after January 1, 1895, equally divided, share and share alike, between his said children. That the said J. R. Davis and J. L. Irion, trustees as aforesaid, died without having divided said property or any part thereof between said parties. That said property, or any part thereof, has never been divided between said heirs, but that they in common own and possess the same in fee simple. Wherefore, they pray for partition, etc." It is further alleged in the petition, however, that "J. F. Davis is the only surviving trustee, is an heir-at-law and a legatee under said will, and is disqualified to divide said property between himself and the other heirs and legatees."

So far from complaining in the petition that there has been unreasonable delay on the part of J. F. Davis, the only surviving trustee authorized under the will to make partition, to make such partition, as a ground for invoking the aid of the court, the petition expressly denies his right or authority to make such partition, on the ground of his interest as a legatee and devisee under the will. We can find nothing in the petition that can, by the most liberal intendment, be made to do service as an allegation that there had been unreasonable delay on the part of J. F. Davis in dividing the property. The facts stated are clearly not intended to form a basis for such a conclusion. That the demurrer to the petition, not having been acted on, must be considered as waived, and that evidence of such unreasonable delay was not objected to, did not authorize the court to take facts which, by the most liberal intendment in favor of the pleading, can not be found to have been alleged, and make such facts the sole basis of the decree.

It may be remarked that the allegation of the petition that the property was to be divided at any time after January 1, 1895, is not supported by the evidence. By the provision of the original will, and by subsequent codicils, it was provided that the property was not to be divided until after the death of the wife of the testator, who died in August, 1904, and the court, in the judgment, so finds by finding that there has been unreasonable delay in making the partition after the death of Mrs. Davis.

The objection that J. F. Davis is disqualified from making the partition under the will, on account of his interest as one of the parties entitled to the property, urged in the petition as the sole ground of taking the partition out of the hands of the trustees, to whom it had been committed by the plain terms of the will, and putting it in the hands of commissioners under the order of the court, is obviously untenable. The trial court must have so considered it, as the decree is based on entirely different ground, and no reference is made to this interest of J. F. Davis as a ground for the interposition of the court. This interest was well known to the testator. Having full power to make such· disposition of his property as suited him, we know of no rule of law that would interfere with his right to make this provision whereby the partition was to be made by the trustees named, or the survivors or survivor of them. It cannot be said that he did not contemplate the contingency of this power becoming vested solely in the defendant J. F. Davis, he being the sole surviving trustee. The will

provides that such partition shall be made by the "survivor or survivors" of those qualified to act. Evidently this was the view taken by the court and the plaintiffs, as the only objection urged in the petition to a partition by him is that he is disqualified by reason of his interest. Provision is made in the will for the selection of other trustees, if the number should be reduced to one, but this provision is not mandatory and was never acted upon. The will provides that the property shall be equally divided among named persons, and any partition made by the trustee which violated this provision would undoubtedly be subject to the control of a court of equity, but this control cannot be invoked until the trustee shall have by some act or by failure or refusal to act, abused the trust committed to him.

Under the terms of the will J. F. Davis and P. W. Davis, being the only qualified surviving trustees at the death of Mrs. Davis, and by the express provisions of the will P. W. Davis being barred from participation in the partition, J. F. Davis was authorized to act.

The second assignment of error attacks the conclusion of the court that there had been unreasonable delay on the part of the trustee in making partition after the death of Mrs. Davis. As heretofore stated, we cannot say that this conclusion is not authorized by the evidence. It is true that the trustee testified that he had been at all times willing to make the partition, but there does not appear to have been anything to interfere with his prompt action after the death of Mrs. Davis. His willingness was a mere abstraction or state of the mind, and could not reasonably have been expected to satisfy appellees. The assignment is overruled.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*