KINNEY et al. v. TRI–STATE TELEPHONE CO. et al. (No. 796.)

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1918. Rehearing Denied March 21, 1918.)

1. PARTIES ⬉48—INTERVENER AS DEFENDANT.

Where intervener by her plea resists plaintiff's alleged rights, in respect to pleading and proof, she occupies the position of a defendant, and must be governed by the rules applicable to defendants.

2. MARRIAGE ⬉40(11)—BURDEN OF PROOF.

Where a wife filed suit against her deceased husband's employer to recover a death benefit, basing her right to recover on the allegation that she and deceased were lawfully married and had continuously lived together as husband and wife up to his death, and another woman intervened, resisting plaintiff's right to recovery by a denial of the marriage, and the further allegation that the bonds of matrimony between herself and deceased had been dissolved by his death and not before by divorce, prior to his marriage with plaintiff, the burden was on intervener to prove that there had not been a

valid decree of divorce from herself entered in favor of deceased, since the burden to establish a fact is upon him who asserts it.

**3. MARRIAGE ⬤⟿40(1) — VALIDITY—PRESUMPTION.**

Every reasonable presumption will be indulged in favor of the validity of a marriage when such question is inquired into.

**4. STATUTES ⬤⟿281—PLEADING FOREIGN LAW.**

It is necessary to plead the law of another state to render admissible proof of it.

**5. EVIDENCE ⬤⟿80(1) — FOREIGN LAW — PRESUMPTION.**

The law of another state not having been pleaded, it is presumed to be the same as that of Texas.

**6. PLEADING ⬤⟿387—FACTS NOT ALLEGED.**

Facts not alleged, though proved, can form no basis for judicial action.

**7. MARRIAGE ⬤⟿40(10) — OVERCOMING PRESUMPTION OF VALIDITY OF SECOND MARRIAGE.**

The fact of a prior marriage is not sufficient to overcome the presumption of the legality of a second marriage.

**8. DIVORCE ⬤⟿170—MARRIAGE ⬤⟿37 — PRESUMPTION—DIVORCE AND LIVING WITH SECOND WIFE.**

Final decree of divorce rendered by a California court, after the husband's death, constituted a valid divorce, and, together with the fact of living together by the husband who sought the divorce and his second wife, married after the interlocutory order, validated the second marriage contract, so that the second wife was the lawful wife at the time of the husband's death, and entitled to recover a death benefit from his employer.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Elsie Kinney and another against the Tri-State Telephone Company, wherein Nellie Kinney intervened. From judgment for the intervener, plaintiffs appeal. Reversed and rendered.

Jno. T. Hill, Leigh Clark, and Del W. Harrington, all of El Paso, for appellants. Turney, Culwell, Holliday & Pollard and A. Dorman, all of El Paso, C. H. Haines, of Denver, Colo., and Jos. M. Nealon, of El Paso, for appellees.

HARPER, C. J. Elsie Kinney and Nellie O'Favenger brought this suit as the wife and another of H. B. Kinney, deceased, against the Tri-State Telephone Company for $3,060, being the amount of a benefit fund in the latter's hands, due, under a plan of insurance to be hereinafter described, to them as the beneficiaries therein. Nellie Kinney intervened and claims the fund, alleging that she was the lawful wife of said Kinney, and, further, that she had not been divorced from deceased. The Telephone Company answered that it had the money; that, by the terms of the contract, it was payable, first to the wife of deceased, second to the children, and third to the dependent relatives, and that in the absence of either to lapse, tendered the money into court, to be paid to the party to whom the court determined by its judgment it should be paid. This appeal is from a judgment in favor of intervener, Nellie Kinney, for the entire fund.

### Findings of Facts.

The findings of facts by the trial court are very lengthy, so we make such statement of the undisputed facts as are, in our judgment, pertinent to the issues raised by the assignments and counter-propositions of appellee.

Harry B. Kinney and Nellie Flaherty were married June 16, 1909, separated October 5, 1911, and never lived together afterwards. She continued to live in the state of Colorado to the date of the institution of this suit. March 26, 1914, he filed his complaint for divorce in the court of Los Angeles county, Cal. Service was had by delivering a summons to Nellie Kinney in Colorado, and on August 19, 1914, the following judgment was entered:

"In the Superior Court of the State of California in and for the County of Los Angeles

"Harry B. Kinney, Plaintiff, vs. Nellie Kinney, Defendant. Interlocutory Judgment by Default in Action for Divorce.

"This cause came on regularly to be heard the 19th day of August, 1914, before the said superior court, in department 5 thereof; Geo. S. Richardson appearing as attorney for plaintiff herein, and no one appearing for said defendant. And it appearing that the defendant was duly served with process herein, and said defendant not having answered plaintiff's complaint herein, within the time provided by law or otherwise; and the default of the defendant for not answering the said complaint having been duly entered herein in the manner provided by law; and evidence having been introduced on behalf of said plaintiff at said hearing of this cause; and said cause having been submitted to the court for its consideration and decision:

"Now therefore said court, having duly considered the same, makes its findings of fact and decision as follows: The court finds that all of the allegations contained in the complaint are true, and that a divorce ought to be granted as prayed for in said complaint. Wherefore it is hereby ordered, adjudged, and decreed that the said plaintiff is entitled to a divorce from the defendant; that when one year shall have expired after the entry of this interlocutory judgment a final judgment and decree shall be entered granting a divorce herein, wherein and whereby the bonds of matrimony heretofore existing between said plaintiff and said defendant shall be dissolved, and at that time the court shall grant such other and further relief as may be necessary to complete disposition of this action.

"Done in open court this 19th day of August, A. D. 1914.    Charles Wellborn, Judge."

On November 14, 1914, Harry B. Kinney and Elsie Kinney were married and lived together as husband and wife to his death. She believed that he had obtained a divorce, though she later and before his death, found and read the above decree. Concerning the matters next above she testified:

"We became engaged some time about the first of December, 1912. I knew he had been married. He told me he had been married and he intended getting a divorce when I first met him —when I had known him about a week. I learned that he had actually instituted a suit for divorce. I did not understand that an interlocutory decree had been entered before our marriage. I did not know anything about what

happened to the case. I thought I knew he had been divorced because he told me he had. I did not see a copy of the decree before we were married, but I did before Harry's death see a copy of the interlocutory decree. I read it. It was about December 1, 1912, when we became engaged. That was during his first trip to Raton."

On January 14, 1916, Harry B. Kinney was accidentally killed while in the service of the Telephone Company.

On February 10, 1916, deceased's attorneys of record appeared in the court of Los Angeles, and upon motion the above decree was made final by the following decree:

"In the Superior Court of the State of California in and for the County of Los Angeles.

"Harry B. Kinney, Plaintiff, vs. Nellie Kinney, Defendant. Final Decree of Divorce.

"This cause came on regularly to be heard the 19th day of August, A. D. 1914, Geo. S. Richardson appearing as attorney for plaintiff herein, and not any one appearing for said defendant, and said defendant having been duly served with summons and copy of complaint herein, and said defendant not having answered plaintiff's complaint herein within the time provided by law or otherwise, and the default of said defendant for not answering said complaint having therefore been duly entered herein in the manner provided by law, and evidence having been introduced on behalf of said plaintiff herein on said 19th day of August, A. D. 1914, and said cause having been submitted to the court for its consideration and decision, and the court having duly considered the same, filed its findings of fact and decision in writing therein on said 19th day of August, 1914, and on said 20th day of August, 1914, entered its interlocutory decree ordering and decreeing that upon the expiration of the period of one year from the date of entry of said interlocutory decree a final judgment and decree be entered herein ordering and decreeing that the bonds of matrimony heretofore existing between said plaintiff and said defendant be dissolved, and freeing them and each of them from each and all of the obligations thereof, and said findings of fact and conclusions of law, and said interlocutory decree, having been duly filed and entered, and said period of one year having elapsed since the entry of said interlocutory decree, and no appeal having been taken from said interlocutory decree, and said interlocutory decree not having been modified or set aside, and the same being in full force and effect, and said plaintiff, Harry B. Kinney, through his attorney, Geo. S. Richardson, having in open court on this day, to wit, the 10th day of February, A. D. 1916, moved said superior court in and for the county of Los Angeles, in department 5 thereof, for a final order, judgment, and decree in accordance with said findings of fact and conclusions of law, and said interlocutory decree and said motion having been duly heard and no one appearing to contest the same, said motion was duly granted by said court, and said court having made its order that a final order, judgment, and decree be made and entered herein in accordance with said findings of fact and conclusions of law and said interlocutory decree:

"Now, therefore, it is hereby ordered and decreed that the bonds of matrimony heretofore existing between said plaintiff, Harry B. Kinney, and said defendant, Nellie Kinney, be and the same are hereby dissolved, and that said plaintiff and said defendant, and each of them, be and they are hereby freed from each and all of the obligations thereof.

"Done in open court this 10th day of February, A. D. 1916.      Charles Wellborn, Judge."

Nellie Kinney had known nothing of the whereabouts of her husband from October, 1912, until she learned of his death. She appeared in the court of Los Angeles by attorney by motion to set aside the two decrees, and her motion was overruled. She did not appeal.

January 16, 1914, Harry B. Kinney went into the service of the Tri-State Telephone Company, and at this time it had in effect the plan of disability and death benefits to its employés as follows:

"Plan for Employés' Pensions, Disability Benefits and Death Benefits.

"Sec. 8. Death Benefits. (1) In the event of the death of any employé, resulting from accidental injury, on or after January 1, 1913, arising out of and in the course of employment by the company, there shall be payable to the employé's beneficiaries, as provided in paragraph 3 of this section (subject, however, to the conditions elsewhere imposed in these regulations), a death benefit which shall equal three years' wages, as hereinafter in this section defined, which shall in no case exceed five thousand dollars. In addition to the death benefit, the necessary expenses of the burial of the deceased employé, not exceeding one hundred and fifty dollars ($150.00), shall be paid from the fund. * * * (3) The death benefit, in case of an employé's death by either accident or sickness, shall be paid only to the wife (or husband) or dependent relatives of the employé, and such payment shall be made in the following order: Provided, however, that upon written application of an employé, and good cause shown, the committee may authorize a change in such order of payment, but no persons other than the beneficiaries herein designated shall receive payment on account of such benefit: First, to the wife (or husband) of the employé. * * *"

At the time Kinney entered the employment of the company he designated his mother as the beneficiary. After his marriage he, in the manner provided, designated Elsie Kinney as his beneficiary.

### Opinion.

The first and second assignments attack the following findings of the trial court: (1) That an interlocutory decree was entered in the divorce proceedings in California; (2) that a motion was filed herein raising the question of the jurisdiction of that court to render the judgment it did; and (3) in finding that the decree took effect upon its rendition and entry; and (4) the findings as to what the law of California applicable thereto is.

Upon the proposition that there were no pleadings to support such findings:

[1] In so far as Nellie Kinney by her plea of intervention resists the alleged rights of Elsie Kinney in respect to pleading and proof, she occupies the position of a defendant in the suit, and must be governed by the rules applicable to defendants.

[2] Elsie Kinney having filed this suit basing her right to recover the fund upon the allegation that she and deceased were lawfully married in 1914, and had continuously lived together as husband and wife up to the time of his death, and Nellie Kinney, resisting Elsie's right to recovery by a denial of the

marriage, and the further allegation that the bonds of matrimony between herself and deceased had been dissolved by his death and not before, she thereby placed herself in the position of proving that there had not been a valid decree of divorce entered in favor of deceased. Towne on Texas Pleadings (2d Ed.) p. 296. Article 1819, Vernon's Sayles' Statutes, provides that the pleadings shall consist of a statement, in logical and legal form, of the facts constituting the plaintiff's cause of action or the defendant's ground of defense. Article 1820, Vernon's Sayles' Statutes, provides that the pleadings of an intervener shall conform to the requirements of pleadings on the part of the plaintiff and defendant, respectively, so far as they may be applicable. In Moody & Co. v. Rowlands, 100 Tex. 370, 99 S. W. 1112, Justice Brown, speaking for the Supreme Court of Texas, said:

"If a defendant desires to introduce evidence of a fact which does not tend to rebut the facts of plaintiff's case, but which shows an independent reason why plaintiff should not recover upon the case stated and proved, then the defendant must plead the facts which will avoid the legal consequence of plaintiff's case, else the testimony will not be admissible, and a judgment rendered upon such evidence, * * * will not be sustained." Citing W. U. Tel. Co. v. Smith, 88 Tex. p. 9, 28 S. W. 931, 30 S. W. 549; Cooper v. Loughlin, 75 Tex. 527, 13 S. W. 37; Willis v. Hudson, 63 Tex. 678; Smothers v. Field Thayer & Co., 65 Tex. 435.

[3] Again, the burden to establish a fact is upon him who asserts it, and every reasonable presumption will be indulged in favor of the validity of a marriage when that question is inquired into. Speer's Law of Marital Rights, § 17; Wingo v. Rudder, 120 S. W. 1073.

[4, 5] Elsie Kinney having alleged a subsequent marriage to that of appellee (Nellie), the latter was put upon notice that to resist a recovery by Elsie she must show that the latter was not lawfully married, and, since proof of a foreign law was necessary to that end, it became necessary to plead the law of California; not having done so, it is presumed that it is the same as that of Texas. Givens v. Givens, 195 S. W. 877.

[6, 7] Since facts not alleged, though proved, can form no basis for judicial action (Cooper et al. v. Loughlin et ux., 75 Tex. 524, 13 S. W. 37), Elsie Kinney is before the court with pleading and proof that she was the lawful wife of Harry B. Kinney at the time of his death, and there is no pleading nor proof to the contrary, and the fact of a prior marriage is not sufficient to overcome the presumption of the legality of the second marriage. The appellee having assumed the burden of proving that she was the lawful wife and that she had not been divorced, it is doubtful whether the fact of an invalid decree in California, even if admissible in evidence, would be sufficient to overcome this presumption of legality of the second marriage, in the face of the allegation and proof of marriage, and of living together as husband and wife from November, 1914, to the date of his death, January, 1916. Edelstein v. Brown, 95 S. W. p. 1126.

[8] The third assignment is that the trial court should have found as a matter of law that the final decree, having been entered nunc pro tunc, reverted back to the interlocutory decree in point of time, made the decree final of that date, and thereby legalized the marriage, in the absence of an appeal from such final judgment. In case we are in error in holding that the decrees of the California court, interlocutory and final, were not admissible in evidence, and could not be considered in proof of the fact for which they were adduced, but should be considered for that purpose, i. e., that there was no valid decree of divorce between Nellie Kinney, appellee, and deceased, and it appearing that these decrees were introduced by appellee over the objections of appellants, she, appellee, will be bound by its recitals, and that it is conclusive as to the latter, not having been appealed from. We are of the opinion that construing the effect of the final judgment upon the status of the litigants for the fund, tested by the rules of law in Texas, is that it constitutes a valid decree of divorce between the parties, and that the decree, together with the fact of living together as husband and wife, validates the marriage contract, and that, therefore, Elsie Kinney, appellant, was the lawful wife of deceased at the time of his death and entitled to recover the fund. Schultze v. Schultze, 66 S. W. p. 56; Wingo v. Rudder, 120 S. W. 1073. See note under Nolan v. Dwyer, 1 L. R. A. (N. S) p. 551; also note Invest. Co. v. Rich, 15 L. R. A. (N. S.) 683. See, also, Morgan v. Morgan, 1 Tex. Civ. App. 315, 21 S. W. 154.

We think that a proper construction of this final decree of the California court is to dissolve the bonds of matrimony existing between the deceased and appellee, and that under the other undisputed facts the appellant was the lawful wife of deceased at the time of his death and therefore entitled to recover the fund.

Reversed and rendered.