**MANES v. J. I. CASE THRESHING MACH. CO.   (No. 6412.)**

(Court of Civil Appeals of Texas. Austin. March 22, 1922. Rehearing Overruled May 17, 1922.)

**1. Sales ⊚⟹130(4)—Findings of fraud held to support judgment for rescission.**

In suit to rescind purchase of automobile for fraud, findings that defendant's sales agent misrepresented the power that the car would develop, etc., and that plaintiff was thereby induced to purchase, *held* sufficient to entitle plaintiff to judgment.

**2. Sales ⊚⟹130(2)—Answer held insufficient plea of waiver of right to rescind for fraud.**

In suit to rescind automobile purchase for fraud, answer, alleging that plaintiff kept the car for about 9 months, without complaining of defects, etc., *held* an insufficient plea of waiv-

er of right to rescind; there being no allegation that plaintiff failed to offer to return the car or of other facts showing waiver.

**3. Sales ⊚⟹121—Essentials of waiver of right to rescind for fraud stated.**

To constitute a waiver of the purchaser's right to rescind for fraud, he must have failed to offer to return the article and rescind within a reasonable time after discovering fraud, or have kept it for such time as would necessarily imply that the time was unreasonable.

**4. Contracts ⊚⟹262—Knowledge of fraud is necessary to waiver of right to rescind.**

Knowledge of facts constituting fraud is a necessary element of waiver of the right to rescind a contract on such ground.

**5. Appeal and error ⊚⟹193(5)—Sufficiency of pleading omitting essential facts does not depend on exception.**

The sufficiency of a pleading omitting essential facts does not depend on its being excepted to.

**6. Pleading ⊚⟹428(7)—Proof of necessary fact does not cure failure to allege it.**

Proof of a necessary fact does not cure failure to allege it.

*On Motion for Rehearing.*

**7. Pleading ⊚⟹36(3)—Plea of waiver of fraud admits fraud only for purpose of plea.**

Since inconsistent pleas may be filed under the statute, a plea of waiver of fraud admits such fraud only for the purpose of the plea, and not as a fact on the merits of the case; a plea of waiver, though in the nature of confession and avoidance, being applicable only to that phase of the case.

**8. Trial ⊚⟹330(5) — In suit to rescind for fraud and to recover for breach of warranty, plaintiff was entitled to rescission though defeated on ground of warranty.**

In suit to rescind automobile purchase for fraud, and, in the alternative, for damages for breach of warranty, plaintiff was entitled to a rescission in the absence of waiver, though the jury found against him on the warranty claim.

**9. Estoppel ⊚⟹110, 112 — Facts constituting waiver must be alleged and proved.**

Waiver must be alleged and proved, but it is unnecessary that the term "waiver" be used if the facts constituting waiver be alleged.

**10. Sales ⊚⟹130(2)—Allegations as to time plaintiff kept automobile held insufficient as defense to claim of rescission for fraud.**

In suit to rescind automobile purchase for fraud, allegations in answer as to the time plaintiff kept the car stated no defense, in the absence of an allegation that he kept it an unreasonable time after discovering fraud or for such time as in itself would indicate it was unreasonable.

**11. Principal and agent ⊚⟹104(2)—Agent to sell automobiles had apparent authority to make representations as to matters not covered by written warranty.**

An agent to solicit contracts for the purchase of automobiles had apparent authority to

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

make representations as to horse power, hill-climbing ability, gasoline consumption, etc., which did not relate to workmanship, material, etc., covered by a written warranty, though he had no authority to make warranties beyond those contained in the contract.

12. **Appeal and error** ⟜930(3)—**In absence of request for special finding or objection to submission of issues, appellate court must assume facts found.**

In a suit to rescind a contract on the ground of fraudulent representations, where defendant did not request a special finding as to the authority of its agent to make such representations, and did not object to the submission of issues as to whether he made them, the appellate court must assume, in the absence of a special finding, that the court below found that he was such agent and that the evidence was sufficient to support such finding.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Suit by O. B. Manes against the J. I. Case Threshing Machine Company. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant.

Spence, Haven & Smithdeal, of Dallas, for appellee.

JENKINS, J. We misconceived the scope of appellee's answer herein, for which reason our former opinion is withdrawn, and this opinion is substituted in lieu thereof.

Appellant brought this suit to rescind a contract, made by him with appellee for the purchase of an automobile, and to recover the purchase money which he had paid for same, and to cancel an unpaid purchase-money note, which he executed to appellee. He alleged as grounds for such rescission that he was induced to purchase the automobile by certain false and fraudulent representations, made to him by Joe Evans, appellee's sale agent, with whom the contract of purchase was made. The nature of such representations appears from the special issues submitted to the jury and the findings thereon, as hereinafter set out. He alleged that he had redelivered the automobile to appellee's agent, who still had possession of same; but, if the facts in reference thereto did not constitute a redelivery, he tendered the automobile, then in possession of appellee's agent, to appellee.

Appellant alleged, in the alternative, that appellee executed a written warranty as to the workmanship and material in said automobile, and that the same had failed in numerous particulars, specifying the same, and prayed, in the alternative, for damages for breach of such warranty. He alleged that by reason of such defects in material and workmanship the automobile was worth-less for the purposes for which it was sold.

Appellee answered by general demurrer, special exceptions, general and special denial, and specially pleaded that the automobile was sold under a written contract of warranty, wherein its liability was limited to defects in workmanship and material developing within 90 days; and that no notice of such defects had been given appellee within that time.

Thirty-nine special issues were submitted to the jury. Our view of this case renders it necessary that we should consider only the following of such findings:

"Question No. 2. Did Joe Evans in the sale of the automobile to the plaintiff, O. B. Manes, represent to said O. B. Manes that the engine of the car would develop from 40 to 50 horse power?" Answer: "Yes."

"Question No. 3. Did the engine of said automobile at said time develop from 40 to 50 horse power? If you find on this issue, you will answer, 'yes' or 'no.'" Answer: "No."

"Question No. 4. Did Joe Evans in the sale of the automobile to plaintiff O. B. Manes represent to the said O. B. Manes, that said car would go up the brickyard hill located in Coleman, Tex., on high gear at the speed of 8 to 10 miles per hour? If you answer this issue you will answer 'yes' or 'no.'" Answer: "Yes."

"Question No. 5. Would said car go up said brickyard hill on high gear at the rate of 8 to 10 miles per hour? If you find on this issue, you will answer 'yes' or 'no.'" Answer: "No."

"Question No. 6. Did Joe Evans in the sale of the automobile to plaintiff, O. B. Manes, represent to said O. B. Manes that said car would run from 15 to 18 miles on one gallon of gasoline? If you find on this issue, you will answer same 'yes' or 'no.'" Answer: "Yes."

"Question No. 7. Would said car run from 15 to 18 miles on one gallon of gasoline at the time same was delivered to O. B. Manes at Coleman, Tex.? If you find on this issue, you will answer same 'yes' or 'no.'" Answer: "No."

"Question No. 8. Did O. B. Manes believe said representations, if any, as made to be true? If you find on this issue, you will answer same 'yes' or 'no.'" Answer: "Yes."

"Question No. 9. Was the said O. B. Manes induced by said representations, if any made to him, to purchase said car? If you find on this issue you will answer same 'yes' or 'no.'" Answer: "Yes."

"Question No. 10. Was the secondhand automobile delivered by O. B. Manes to Joe Evans delivered to him at any agreed price of $600? If you find on this issue, you will answer same 'yes' or 'no.'" Answer: "Yes."

Appellee did not file a cross-assignment of error that these findings were not supported by the evidence.

The answers of the jury to the issues relating to appellant's right to recover on the warranty will not be considered, for reasons herein stated.

[1] The answers of the jury to the special

issues above set out are sustained by the evidence, and are sufficient, under appellant's allegations, to entitle him to judgment as prayed for, unless he has waived his right to rescind the contract. Appellant, upon return of the verdict, moved the court to enter judgment in his favor, which motion was by the court overruled.

[2] Appellee contends that appellant has waived such right, by reason of the undisputed evidence that he kept and used the car from about the 5th of April, 1915, to about January 5, 1916, before tendering the same to appellee.

Had waiver been pleaded, the following special issue and the answer thereto might require consideration at our hands:

"Question No. 11. Did O. B. Manes hold and use said car in ignorance of the nature of the defects, if any, existing in the car? If you find on this issue, you will answer 'yes' or 'no.'" Answer: "Yes."

But as we construe appellee's answer, it did not plead waiver.

In connection with its defense that appellant's right to recover damages was limited to 90 days from the delivery of the car, appellee alleges that appellant had kept, used, and abused the same for a period of about 9 months, without any complaint to it as to such alleged defects; for which reason it would not be right for appellant to rescind the contract and throw the car back on appellee. These allegations were in separate clauses of the answer, wherein the limitation of appellee's liability was alleged to be distinctly limited by the warranty clause of the contract.

[3, 4] Appellee, in a separate clause of its defense, referred to appellant's plea as to rescission, but confined itself to a denial of the facts therein alleged. There is apparently no attempt by appellee to plead waiver as against appellant's alleged right to rescind. The word "waived" is not found in the answer. There is no allegation that appellant did not offer to return the car within a reasonable time, and no facts are alleged which, as a matter of law, would show that appellant had waived his right to rescind the contract. One essential fact necessary to constitute such waiver is that the purchaser discovered the facts constituting the fraud, and did not offer to return the article and rescind the contract within a reasonable time after the discovery of the fraud; or that he kept the article for such a length of time after such discovery as would necessarily imply that the same was unreasonable. Knowledge of the facts which constitute the fraud is a necessary element of waiver.

"A waiver exists only where one with full knowledge of a material fact does or forbears to do something inconsistent with the existence of the right or of his intention to rely upon that right. Knowledge of the existence of the right, benefit, or advantage on the part of the party claimed to have made the waiver is an essential prerequisite to its relinquishment. No one can be said to have waived that which he does not know; or where he has acted under a misapprehension of facts. Waiver or acquiescence, like election, presupposes that the person to be bound is fully cognizant of his rights, and that being so, he neglects to enforce them, or chooses one benefit instead of another, either, but not both of which he might claim." 40 Cyc. 259, subd. 3.

[5] No exception was taken to a plea of waiver in the instant case, for the reason, as appellant contends, that there was no such plea. The sufficiency of a pleading by either the plaintiff or the defendant, which omits facts essential to a recovery or a defense, does not depend upon the same being excepted to. Tel. Co. v. Harris, 105 Tex. 320, 148 S. W. 284; Smith v. Nesbitt (Tex. Civ. App.) 235 S. W. 1107.

[6] Nor does the proof of a fact necessary to be proven as a basis of a judgment cure the failure to allege such fact. Evidence as to a fact not alleged can form no proper basis of a judgment. Cole v. Crawford, 69 Tex. 126, 5 S. W. 646; Bank v. Freeman, 107 Tex. 523, 181 S. W. 187; Cooper v. Loughlin, 75 Tex. 524, 13 S. W. 37; Moody v. Rowland, 100 Tex. 371, 99 S. W. 1115; Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979; Maddox v. Clark, 107 Tex. 212, 175 S. W. 1053; Davis v. Davis, 51 Tex. Civ. App. 491, 112 S. W. 948; McDonald v. Lastinger (Tex. Civ. App.) 214 S. W. 832; Fisher v. Russell (Tex. Civ. App.) 204 S. W. 145.

Knowledge of the fraud being essential to a plea of waiver, and the same not having been alleged by appellee, it is immaterial whether or not the statement of facts, or the findings of the jury, show such facts as are sufficient to have sustained a plea of waiver, and would have justified the court in entering judgment for the appellee.

For the reason that the trial court erred in overruling appellant's motion for judgment, the appellant's motion for a rehearing is granted, and judgment is here now rendered setting aside the judgment of the court; and judgment is rendered for appellant, rescinding the contract for the purchase of the automobile, and for the recovery of the amount of the purchase money paid therefor, with interest from the dates of such payments, and for the cancellation of the purchase-money note as prayed for, and for all costs in the court below as well as the costs of this appeal.

Motion granted. Reversed and rendered for appellant.

### On Motion for Rehearing.

Appellee seems to have misunderstood our opinion herein. In its motion for rehearing, it says that our opinion that it did not plead waiver is based on the fact that the technical expression "waiver" was not used in its

answer. Such is not the case. Even had this term been used, it would not have been applicable to appellant's plea for rescission on the ground of fraud, for the reason that appellee's answer as to the waiver of the right of appellant to refuse to pay for the automobile referred only to the failure of warranty on the part of appellee. All that we meant to say in connection with the failure of appellee to use the word waiver in its answer was that this was some indication that it did not intend to plead waiver. This is confirmed by appellee's motion herein, in which it says that it did not plead waiver as to fraud, because it denied that it had committed a fraud, and says that our opinion would require it to admit such fraud.

[7] Learned counsel for appellee are doubtless aware of the fact that under our statute inconsistent pleas may be filed, and that a plea of waiver as to alleged fraud admits such fraud only for the purpose of such plea, and not as a fact upon the merits of the case. A plea of waiver as to fraud is in the nature of confession and avoidance, but applies no further than is applicable to that phase of the case. Independent of any issue of fraud, it might well be that appellant had lost his right to refuse to pay for the automobile and to rescind his contract for the purchase of the same, by reason of his long delay in making such claim; but this would involve only the issue of warranty as contained in the written contract, and not in any wise the issue of fraud by which he alleges he was induced to purchase the automobile.

[8] In support of its contention that appellant had lost his right to rescind the contract of purchase by reason of his long delay, appellee cites Bancroft v. Emerson-Brantingham Implement Co. (Tex. Civ. App.) 194 S. W. 991. In that case the implement company had made a contract with Bancroft for the sale of a tractor. The conditions of the sale were that the purchaser was to test the tractor, and that if it would not, after six days of fair weather for testing the same, pull a certain number of plows to a certain depth, to the satisfaction of the purchaser, he was under no obligation to take the tractor. The purchaser made a test, and notified the seller that he was not satisfied that the tractor would do the work as represented. Some repairs were made on the same by the seller. It was alleged that the defendant had "retained and used said machinery for a period of two years and seven months, and that said time was an unreasonable time to retain, operate, and use said machinery without paying therefor, and that defendant having had a reasonable time in which to test said machinery, and having retained said machinery and having used said machinery as his own and having exercised the right of ownership over the same, he

thereby became liable to plaintiff for the purchase price thereof." The evidence sustained these allegations of fact.

The defense in that case was, not that the purchaser had been induced to purchase the tractor by reason of any false or fraudulent representations, but that, as the tractor had not proven satisfactory, he had the right under the contract to refuse to receive and pay for the same. This right he undoubtedly had, if he had exercised it seasonably; but the effect of the holding in that case is that the purchaser would not be heard to say that the machine did not perform satisfactorily to him, after having kept and used the same for a period of two years and seven months. Having lost his right to say that he would not receive the tractor, by retaining and using it for such a long period of time, it was held that he was liable for the purchase money.

The difference between that case and the instant case is that while the appellant alleged that the automobile was not as warranted, and the defendant alleged that appellant had lost the right to such defense, by long delay in making complaint and in offering to return the automobile, the appellant also, in a separate paragraph of his petition, alleged that he was induced to purchase automobile by reason of fraudulent representations, and on this ground he asked for a rescission of the contract. His plea for rescission as to the failure of the automobile to comply with the warranties was distinctly stated to be an alternative cause of action. On the warranty feature of appellant's case, the jury found against him; but on his plea for rescission, on the ground of fraud, the jury found in his favor. Such being the case, appellant was entitled to a rescission of the contract, on the ground that it had been induced by fraudulent representation, unless he had waived the right to such rescission.

[9] Waiver must be both alleged and proven. There was not only no allegation as to waiver by use of that specific term, but appellee did not allege the facts which constituted waiver. Had it done so, it would have been immaterial that it failed to use the technical term "waiver."

[10] As a defense against fraud, it was necessary that appellee should have alleged that appellant discovered such fraud, and that thereafter he kept and used the automobile for a length of time, which was alleged to be unreasonable, or which was for such length of time as within itself would indicate that it was unreasonable. Appellee not only failed to allege that appellant kept the automobile for an unreasonable length of time after discovering the fraud, but it did not allege that appellant had ever discovered the fraud, and consequently its pleading, as to the length of time which ap-

pellant had kept the automobile has no application to appellant's plea for rescission, on the ground of fraud.

[11, 12] Appellee, in its motion for rehearing, contends that judgment of the trial court should be affirmed for the reason that it denied the agency of Evans, in so far as any fraudulent representation might have been made by him, and that there was no specific finding that Evans was appellee's agent, with authority to make such representations. The undisputed fact with reference to this matter is that Evans was the agent of appellee to solicit orders from purchasers for automobiles. He had no authority as such agent to make any warranties beyond those contained in the contract, for the reason that the contract so specified; but, as appellee's agent to solicit contracts from purchasers, he had the apparent authority to make the representations which are alleged that he did make with reference to the automobile, and which did not relate to the workmanship and material—these being the things that were covered by the written warranty. Appellee did not request a special finding as to the authority of Evans to make the alleged fraudulent representations. The court must necessarily have assumed that Evans was the agent of appellee in this regard, for the reason that the special issues submitted as to fraud asked if Evans made the representations referred to in such issues. Appellee did not object to the submission of these issues, as it might have done if the evidence was not sufficient to warrant a finding that Evans was the agent of appellee. From the fact that the court submitted the issues of fraud as to representations made by Evans, we must assume, in the absence of a special finding on that issue, that the court found that Evans was such agent; and the evidence is sufficient to support that finding.

Believing that no error was committed by our judgment herein, appellee's motion for a rehearing is overruled.

Motion overruled.